JACOB LIPPMAN, Appellant, v. R. J. CAMPBELL et al., Respondents.

St. Louis Court of Appeals, April 15, 1890.

Judgment: RES ADJUDICATA. The estoppel of a judgment binds not only the parties to it, but also their privies. And where an alleged chattel mortgage stands in the name of an agent of its real owner, and proceedings for its enforcement by an action of replevin for property which it purports to convey are taken by and in the name of such agent, an adjudication against the claims thus advanced is binding upon the principal, and may be invoked as res adjudicata against such principal by persons to whom such property was subsequently transferred by the defendant in such action in replevin.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*R. F. Butts*, for the appellant.

(1) A married woman has the right to convey her separate property without her husband joining. *Blair v. Railroad*, 89 Mo. 390, 391. (2) If the mortgagor does not have possession of the property mortgaged at the time of sale, the purchasers are not protected, even though the mortgage is not recorded. R. S. 1889, sec. 5176. (3) Said section 5176, being remedial, should be construed equitably according to its intent and spirit, to protect honesty and not to uphold chicanery. *State ex rel. v. Emerson*, 39 Mo. 89; 1 Kent. [8 Ed.] page 514. (4) The possession of the agent is the possession of the principal. 1 Parsons on Contracts [6 Ed.] p. 40. (5) When the facts are disputed the case should be submitted to the jury under proper instructions. *Charles v. Patch*, 87 Mo. 450.

*Campbell & Patterson*, for the respondents.

(1) The mortgage by a married woman without the joinder of the husband, of her separate estate in personalty, is void at law. *Kimball v. Silvers*, 22 Mo. App. 520. (2) A mortgage of goods not recorded, and of which the mortgagor retained the possession, is a nullity as against a purchaser from such mortgagor in possession, even though the purchaser knew of the mortgage. R. S. 1879, secs. 2503, 5176 ; *Rawlings v. Bean*, 80 Mo. 614. (3) In order to pass title to the vendee it is not necessary that the vendor should be in possession. The sale may be good though the property is in the possession of a third party. *Erwin v. Arthur*, 61 Mo. 386. The possession of a bailee or agent then becomes that of

the purchaser. *State. to use v. Fitzpatrick*, 64 Mo. 185 ; *Glass v. Gelvin*, 80 Mo. 297 ; *State v. Hope*, 88 Mo. 430 ; *McMahill v. Walker*, 22 Mo. App. 170 ; *Renshaw v. Lloyd*, 50 Mo. 368 ; *Prior v. Scott*, 87 Mo. 303.

THOMPSON, J., delivered the opinion of the court.

This was an action of replevin for a piano, commenced before a justice of the peace. On trial anew in the circuit court the. defendant had a judgment, and the plaintiff appeals to this court. The parties have agreed upon the following abstract of the bill of exceptions :

"On the trial of this cause plaintiff, to sustain the issues on his part, offered evidence tending to prove that Mary Morrow, on the fifteenth day of August, 1888, bought this piano from D. Lippman to be her own separate property. That said Mary Morrow gave her several promissory notes, payable to the said D. Lippman, or order, and a chattel mortgage conveying the piano in controversy, a Jas. M. Strarr piano, number 6073, to D. Lippman, to secure the payment of the aforesaid notes. That said chattel mortgage was conditioned that, in case any of the notes became due and were not paid, or if the mortgagor sold or attempted to sell said piano, or if the mortgagee or his assigns should at any time deem themselves insecure, then in any of those events the mortgagee, or his assigns, could take possession of said piano. That said notes had been assigned to Jacob Lippman. That three of said notes had been paid, and twenty dollars indorsed on another of said notes. That two of said notes were due when this suit was brought, and had not been paid ( which evidence was admitted over the objections of the defendants, to-wit : That the chattel mortgage was not executed by Mary Morrow, was not acknowledged by her, and was never recorded, and that the same was, as to these defendants, inadmissible, irrelevant, incompetent and immaterial ). That the mortgagor had sold the

piano to R. G. Campbell and M. F. Patterson. That
D. Lippman was the agent of Jacob Lippman for the
collection of these notes (heretofore offered in evi-
dence), at the time of the sale of the piano mortgaged,
and the piano was in his possession under his bond as
plaintiff in suit D. Lippman v. Mary Morrow. That it
was thereby in the possession of Jacob Lippman, and
was stored at the house of Thomas Bennett, Jr., the
son-in-law of said Jacob Lippman. That, at the time
this suit in replevin was brought, the piano in contro-
versy was in the possession of the defendants, at the
house of Robert G. Campbell, on Jefferson street, in the
city of Springfield, Missouri. That the defendants
were the attorneys for Mary Morrow in all suits per-
taining to the piano in controversy with her.

"The defendants to sustain the issues on their part
offered evidence tending to prove that D. Lippman was
not the agent of Jacob Lippman for the collection of
the notes which the piano was conveyed to secure.
That Mary Morrow did not execute the chattel mort-
gage conveying the piano in controversy. That said
chattel mortgage was never acknowledged or recorded.
That Mary Morrow conveyed the piano in controversy
to the defendants. That D. Lippman brought a suit
against Mary Morrow and husband, in replevin for the
piano in controversy, and that he swore he was entitled
to the possession of said piano. That Jacob Lippman
never got possession of the piano by that suit. That
said suit was determined adversely to said D. Lippman.
That an execution was issued ordering the constable to
collect the judgment in the case of D. Lippman v. Mary
Morrow from D. Lippman and his surety, or return the
piano to the defendants, at their option. That the
defendants, Mary Morrow and husband, elected to take
the piano. That Mary Morrow and husband gave an
order to the constable, directing him to deliver the said
piano to Robert G. Campbell and M. F. Patterson.
That said piano was so delivered."

The above was all the evidence offered.

The plaintiff asked, and the court refused, the following instruction :

"The court instructs the jury that, if they shall find from the evidence that, at the time the defendants in this cause of action bought the piano in controversy, said piano was in the possession of D. Lippman, if they shall further find that at that time D. Lippman was the agent of Jacob Lippman for the collection of the notes secured by the chattel mortgage, under which plaintiff claims the piano in controversy, then they will find for the plaintiff and render a proper verdict in his favor."

Thereupon, the court, at the request of the defendants, instructed the jury to find for the defendants.

The plaintiff assigns for error the refusing of the instruction offered by him, and the giving of that offered by the defendants.

We do not see any error in refusing the instruction offered by the plaintiff. If D. Lippman, to whom the notes were originally made, and to whom the alleged chattel mortgage was given, was not the beneficial owner of the notes at the time he prosecuted the former replevin suit, but was merely the agent of the present plaintiff Jacob Lippman, then Jacob Lippman was bound by the judgment which was rendered against D. Lippman. If Mrs. Morrow had not sold the piano to these defendants, but had remained the owner of it, when the judgment in that action was recovered, the constable would have been bound, as against this plaintiff Jacob Lippman, to deliver the piano to Morrow and wife, the defendants in the action ; and Jacob Lippman, having litigated his right to the possession of it, through his agent, D. Lippman, could not have vexed them with another action for its possession. If he could not have maintained another action against them on the same title, which had been previously litigated with them in the suit brought against them by his agent, D. Lippman,

he could not maintain such an action against their vendees, these defendants. The constable, under the execution in that action took possession of the piano for Morrow and wife, the defendants therein. They had the right to direct him to deliver the possession to these defendants, their vendees. He properly obeyed that direction. This placed these defendants in precisely the same position, in respect of title to the chattel, which Morrow and wife would have occupied, if it had been delivered to them. The estoppel of a judgment binds the parties to the action and also their privies. The plaintiff's title to the piano had been litigated as to Morrow and wife, in the action prosecuted by D. Lippman, presumptively as trustee of an express trust for the benefit of Jacob Lippman, and it cannot be again litigated in an action against these defendants, who are the vendees and consequently the privies of Morrow and wife.

For these reasons it is also apparent that the court committed no error in directing the jury to find for the defendants. The plaintiff was estopped, by the uncontradicted evidence, from prosecuting this action, and there was nothing for the jury to pass upon.

Judgment affirmed. All the judges concur.