JACOB LIPPMANN, Defendant in Error, v. R. G. CAMPBELL et al., Plaintiffs in Error.

St. Louis Court of Appeals, February 14, 1893.

Sales: CLAIM FOR UNPAID PURCHASE MONEY: EFFECT OF STATUTE. Section 4914 of the Revised Statutes of 1889, which provides against the allowance of exemptions out of personalty levied upon under an execution, when the judgment under which the execution is issued is for the unpaid purchase price of the property, does not confer any lien for the unpaid purchase price upon the vendor.

Error to the Greene Circuit Court.—HON. J. F. WHITE, Special Judge.

REVERSED (and bill dismissed).

*Heffernan & Buckley*, for plaintiffs in error.

*Goode & Cravens* and *A. F. Butts*, for defendant in error.

ROMBAUER, P. J.—The plaintiff applied for a writ of injunction to restrain the sheriff and the defendants from enforcing an execution against him in the cause of *Lippmann v. Campbell*, which was heretofore before this court. 40 Mo. App. 564. He stated in his petition, in substance, that in 1888 one Demuth Lippmann sold a piano to one Mary Morrow as and for her separate property, taking in payment therefor twenty-five promissory notes of $10 each, secured by unrecorded chattel mortgage; that Mary Morrow sold the piano to the defendants, who took it with knowledge that its purchase price was unpaid; that, upon some of the mortgage notes maturing, the plaintiff brought a replevin suit for said piano against the defendants but was defeated therein, and that, the defendants in said replevin suit electing to take the value of the piano, execution for $125 was issued against the plaintiff, being the execution the enforcement of which is now sought to be restrained.

The petition then states that in 1890 the plaintiff recovered judgment against Mary Morrow before a justice of the peace upon the promissory notes representing the unpaid purchase money of the piano and took out execution thereon, but cannot levy it on the piano because the defendants refused to take it in the action of replevin, although the plaintiff tendered it by restoring it to the sheriff; that, in consequence of such refusal on part of the defendants to take said piano, the plaintiff cannot levy his execution against Mary Morrow thereon, and is remediless at law, and, hence,

prays that the execution against him, which represents the value of said piano, be restrained.

The defendants answer, stating that Mary Morrow has been all along a married woman living with her husband; that the notes executed by her to plaintiff were assigned to one Demuth Lippmann, who thereupon brought suit of replevin upon the notes and mortgage against Mary Morrow and her husband, in which suit such proceedings were had that the plaintiff was defeated and the Morrows recovered said property; that thereupon Mary Morrow and her husband sold said piano to defendants. The answer further states that the plaintiff thereupon in his own name brought an action of replevin against the present defendants, and was again defeated, the judgment in said suit rendered being the one on which the execution was issued which is now sought to be restrained. The answer denied that the plaintiff ever recovered any valid judgment against Mary Morrow.

The answer was replied to, but the replication is not in the record. Upon the trial of the cause before a special judge the defendants objected to any evidence on the ground that the petition stated no cause of action, but the court overruled the objection, and upon a full hearing rendered judgment of perpetual injunction.

Whether we view this case as one to be determined by the pleadings or by the evidence, the judgment is equally unwarranted. Assuming, for the sake of argument, that a vendor has an equity which he may assert in restraining the collection of an execution against him upon a statutory judgment for money simply, because the money is a substitute for property on which he has a lien and which property the plaintiff in the execution refuses to take, still the plaintiff's petition states no cause of action. The petition nowhere states that the conveyance of the piano to the

defendants was fraudulent, or made for the purpose of defeating the satisfaction of the plaintiff's claim against Mrs. Morrow, nor does it even negative the fact that Mrs. Morrow has ample property out of which an execution against her can be made. The petition throughout proceeds on the theory that the amount of the purchase money remaining unpaid constituted in itself a *lien* upon the piano, of which all purchasers having knowledge of the fact were bound to take notice. Such, however, is not the law. The supreme court in *Straus v. Rothan*, 102 Mo. 261, expressly decided that section 4914 of the Revised Statutes of 1889 is a statute of exemptions, and not a statute of priorities of liens. Hence the petition, if true, states no cause of action, and the defendant's objection to the admission of all the evidence should have been sustained.

The proof adduced to support the petition fails to support it, even as far as it attempts to state a cause of action. The petition states that twenty-five notes of $10 each were executed in payment of the piano. The transcript of the various justices, introduced for the purpose of showing a recovery against Mrs. Morrow for the purchase money, shows in one instance a suit on three promissory notes of $45 each (alleged to have been lost), and in the other instance on five promissory notes of $45 each. No evidence whatever is furnished to explain this discrepancy, nor is the transcript of the justice's judgment in the record from which it would appear that this suit was one for the purchase price of the piano. Nor is any direct evidence introduced tending to show that the defendants were aware that the purchase money remained unpaid, when they bought the piano. It is needless to go into the further inquiry whether the former judgments in the two actions in replevin are available to the defend-

ants by way of plea of *res judicata*, as claimed in the answer, because it is clear that, disregarding that question entirely, the plaintiff has failed either by his pleading or evidence to make out a claim for equitable relief.

All the judges concurring, the judgment is reversed and the bill dismissed.