Alfred H. Andrews

*v.*

Mary Boedecker, Admx.

*Filed at Ottawa November 15, 1888.*

126   605,
95a  ¹360

1. Respondeat superior—*negligence of servant—liability of master.* The owner of a quantity of lumber employed teamsters to haul the same to an appointed place, where they were directed to unload and pile it. The teamsters so employed did unload and place in piles a part of the lumber without assistance, and the residue with the voluntary and gratuitous assistance of a third person. Such residue of the lumber was piled by those persons in so unskillful and unsafe a manner that it fell over and upon another person, causing his death, without any want of ordinary care on his part: *Held,* that the employer—the owner of the lumber—was liable in an action for the injury resulting. Whether the third person who assisted in piling the lumber was or was not a servant of the owner sought to be held liable was immaterial.

2. Action—*injury from negligence—joint and several liability.* Parties who act in concert, and co-operate in doing an act in a negligent

manner, whereby an injury results to another, will be liable, either jointly or severally, to the person injured, for the damages thereby occasioned, whether the relation of master and servant exists between the parties doing the negligent act, or not.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, prosecuted by Mary Boedecker, administratrix of Henry J. Boedecker, deceased, to recover damages for the death of her intestate. A second trial, in the Superior Court of Cook county, resulted in a verdict and judgment against Alfred H. Andrews, defendant in the trial court and appellant here, for $2500, and that judgment has been affirmed by the Appellate Court for the First District.

Frank Douglass was the proprietor of a kiln for drying lumber, at 228 South Clinton street, Chicago, and adjacent to the kiln was a platform, some five feet high, upon which lumber was received. Douglass paid one Andrew R. Honey seventy-five cents a thousand to receive lumber on this platform, cross-pile it on trucks, run it through the dry-kiln, and when dried run it out again at the opposite end of the kiln, and deliver it again to the wagons. The platform would hold from fifteen to twenty thousand feet of lumber, and the kiln about thirty thousand feet. At and about the time of the transactions here in issue, Andrews, the appellant, seems to have been the sole or principal patron of the kiln. He had the privilege, when the platform was full, of unloading his lumber elsewhere in the yard forming part of the premises of Douglass, and the duty of unloading the wagons, and placing and piling the lumber in the yard, was incumbent on the teamsters and servants of appellant. For the extra handling required to get the lumber on the platform from the yard, Andrews paid Honey twenty cents a thousand. The lumber was usually delivered and taken away by the teamsters of

Andrews. A pile of maple lumber, some twelve feet high, had been standing for several days prior to the 15th day of January, 1884, near the south line of the lot occupied by Douglass, and on that day a portion of it fell over onto the adjoining lot, breaking down the fence between the lots and crushing a privy on the adjoining lot, in which appellee's intestate happened to be at the time, causing his death. This pile of lumber was on the ground opposite the platform, a wagon-way or road intervening. A space west of the platform was vacant, on which the lumber, or any portion of it, could have been placed. There were no cross-pieces in the pile, and the lumber was piled in a careless, negligent and unsafe manner.

Some weeks before the accident, teamsters in the service of appellant unloaded the lumber constituting the lower portion of said pile, from appellant's wagons, and piled the same without assistance, the pile thus formed being about five feet high. On the Saturday before the accident said teamsters brought the residue of said lumber to the yard, where it was to be unloaded, and they and said Honey took it from the wagons and placed it on said pile, thus making the pile about twelve feet high. In unloading and piling said lumber, the teamster stood on the ground, and after raising each piece of lumber so as to balance it on the stake of the wagon, raised the opposite end up, so that Honey, who was standing on the pile of lumber, could get hold of it. Honey then took it and placed it on the top of the pile. The service thus performed by Honey was voluntary, and without compensation. It was not within the terms of his contract with appellant, and he did not understand it to be, that he should assist in unloading the lumber from the wagons and piling it in the yard, but his contract merely was, that he should take the lumber from the piles, wherever they might be in the yard, and place it on the platform. It appears, however, that piling the lumber opposite the platform, and piling it to a considerable height, rendered it easier for him afterward to transfer it to the platform.

Mr. LYMAN M. PAINE, for the appellant:

The liability of one person for damages arising from the negligence of another, under the doctrine of *respondeat superior,* is confined, in its application, to the relation of principal and agent, or master and servant.

The responsibility of the master grows out of, is measured by, and begins and ends with, his control of the servant, because the servant, while he is engaged in the business of the master, is supposed to be acting under and in conformity to his directions. But where an injury is done by a person exercising an independent employment, doing work according to his own ideas, without directions or control by his employer, the party employing him is not responsible to the person injured, unless the work is, *per se,* a nuisance. *Scammon* v. *Chicago,* 25 Ill. 424; *Schwartz* v, *Gilmore,* 45 id. 456; *Pfau* v. *Williamson,* 63 id. 16; *Chicago* v. *Joney,* 60 id. 383; *West* v. *Railroad Co.* 63 id. 545; *Loan and Trust Co.* v. *Doig,* 70 id. 52; *Hale* v. *Johnson,* 80 id. 185; *Kepperly* v. *Ramsden,* 83 id. 354; Addison on Torts, sec. 579; Cooley on Torts, 546; Field on Corp. sec. 534; 2 Hilliard on Torts, chap. 40, secs. 11, 17; 1 Parsons on Contracts, 102; Shearman & Redfield on Negligence, secs. 73, 76, 77; Story on Agency, sec. 452; 2 Thompson on Negligence, 899; Wharton on Negligence, sec. 177; Wood on Master and Servant, sec. 312.

A volunteer assistant, not having the intention of rendering a service, but assisting others only because he can not otherwise effect his own purpose, is not in any sense a servant. 2 Thompson on Negligence, 1045; Wood on Master and Servant, sec. 455; Shearman & Redfield on Negligence, secs. 106, 107; *Holmes* v. *Railway Co.* 6 L. R. Q. B. Div. 252; *Railway Co.* v. *Bolton,* 43 Ohio St. 224.

It is not sufficient that a part of the instructions contain a correct exposition of the law, if it is incorrectly announced in others. *Railroad Co.* v. *Payne,* 49 Ill. 500; *Manufacturing*

*Co.* v. *Ballou,* 71 id. 417 ; *Railroad Co.* v. *Murray,* 62 id. 326 ; *Baldwin* v. *Killian,* 63 id. 550 ; *Railroad Co.* v. *Maffit,* 67 id. 431.

Mr. GEORGE W. STANFORD, for the appellee :

The duty of appellant's teamsters was to safely pile the lumber, and if, while acting for him, they permitted some one else to interfere and assist them in the work, and an injury is caused by reason of the negligence of the one whom they permit to interfere, the negligence is theirs, and their principal will be liable. *Althorf* v. *Wolfe,* 22 N. Y. 355 ; *Randleson* v. *Murray,* 8 Ad. & E. 109 ; *Booth* v. *Mister,* 7 C. & P. 76 ; Wood on Master and Servant, p. 588, sec. 308.

Mr. JUSTICE BAKER delivered the opinion of the Court :

All controverted questions of fact in the case are settled in favor of appellee by the verdict of the jury and the judgment of affirmance in the Appellate Court. The grounds upon which a reversal is now asked, are, that the first and second instructions for appellee were erroneous, and that it was error to refuse the third instruction tendered by appellant.

In said first instruction, the court instructed the jury, in substance, that if the teamsters of appellant, by direction of appellant, hauled the lumber which slid over and upon the deceased, to the premises used and occupied as and for a dry-kiln and place for piling and handling such lumber, and that such teamsters unloaded and piled a portion of such lumber without the assistance of others, and unloaded and piled the balance of such lumber with the voluntary and gratuitous assistance of the witness Honey, and if such lumber was piled by such persons in an unskillful and unsafe way and manner, and by reason of such unskillful and unsafe piling of such lumber the same fell over and upon the deceased, and killed him, without any negligence or want of ordinary care on his part, then the defendant was guilty. The instruction proceeds upon the hypothesis that the teamsters of appellant unloaded

and piled a portion of the lumber without the assistance of others, and unloaded and piled the residue of it with the assistance of Honey. Upon the hypothesis stated, the acts of unloading and piling a portion of the lumber were the acts of appellant, by his teamsters and servants; and the acts of unloading and piling the other portion were the joint acts of Honey and of appellant, by his same teamsters and servants. Parties who act in concert, and co-operate in doing a negligent act which causes an injury, are liable, either jointly or severally, to the person injured, for the damage thereby occasioned. The theoretical case stated in the instruction was supported by the evidence, and it imposed a clear legal liability upon appellant, regardless of the fact whether Honey is or is not to be regarded as having been his servant, volunteer or otherwise, in the transactions involved in the suit. We see no valid objection to the instruction, and hold it was not error to give it.

The relation of master and servant existed between appellant and his teamsters, and it was within the scope of the employment of the latter not only to haul the lumber to the yard, but to deliver it there, the platform being full, by unloading and piling it upon the ground. This being so, and it being immaterial whether Honey was or was not a servant of appellant, the rulings of the trial court in refusing the third instruction asked by appellant and giving the second instruction for appellee, and without reference to the question of the propriety of such rulings, affords no ground for reversal, as whatever was the relation of Honey to appellant, the rule of *respondeat superior* was applicable to the case.

We find no manifest error in the case. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this cause in the Appellate Court, took no part in its decision.