# F. W. GEISS v. TWIN CITY TAXICAB COMPANY.[1]

January 24, 1913.

Nos. 17,889—(163).

**Negligence of servant.**

Where a servant, without authority from the master, permits a stranger
to assist him in his work for the master, and such stranger, in the presence
of the servant and with his consent, negligently does such work, the master
is liable for such negligence.

**Conduct of counsel.**

Remarks of counsel to the jury *held* not improper.

**Damages.**

The damages were not excessive.

Action in the district court for Ramsey county to recover $5,000
for personal injury. The facts are stated in the opinion. The
complaint alleged that, in repairing a certain automobile left with
defendant for repairs, it was necessary for defendant to take it from
its repair shop and use, operate and try out same upon the streets
of the city, and accordingly, in process of repairing the automobile,
defendant operated it upon the public streets of the city negligently
and at a negligent, unlawful and high rate of speed against plaintiff,
whereby his leg was broken and he was so seriously injured it was

[1] Reported in 139 N. W. 611.

Note.—On the question of the liability of master for injury to property or
person of one to whom he owes no contractual duty, by acts of volunteer whom
servant permits to assist in performance of master's service, see note in 13 L.R.A.
(N.S.) 572.

necessary to remove him to one of the hospitals of the city for treatment. The answer denied the allegations in the complaint. The case was tried before Dickson, J., who, at the close of plaintiff's case, denied defendant's motion to dismiss on the grounds that the plaintiff had not proved a cause of action, that the evidence did not show negligence, that it did not show at the time the machine was operated by servants of defendant who were executing their master's business, and a jury which returned a verdict in favor of plaintiff for $1,200. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Henry W. Volk,* for appellant.

*Allen & Straight,* for respondent.

BUNN, J.

This is an action to recover for personal injuries received by plaintiff in being struck by an automobile. The verdict was for plaintiff in the sum of $1,200, and defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

It is conceded on this appeal that the evidence was sufficient to sustain the verdict on the question whether the accident was caused by negligence on the part of the person who was operating the automobile. The principal contention is that defendant is not liable for the negligence of this driver, or chauffeur. The facts bearing upon this question are these:

Defendant was in the business of operating taxicabs in St. Paul, and also repaired automobiles for others. On the day of the accident Connolly and Hildebrand, two employees of defendant, had completed repairs on a car belonging to one Printon, and pursuant to custom took the car out on the street preparatory to "trying it out," to ascertain if it had been properly repaired. Defendant's foreman was present when the two men had the car on the street in front of defendant's garage, and instructed them to go to a repair supply shop, while they were operating the car, and procure a piece of pipe to be used in repair work. At this time one Vielleux, who was a tax-

120 M.—24.

icab driver in defendant's employ, came to the garage to take out the taxicab which he drove, but this cab had not yet returned to the garage. Connolly and Hildebrand were in the front seat of the repaired automobile, and in the presence of the foreman and with his acquiescence Vielleux got into the rear seat and the automobile went off, with Connolly at the wheel. They stopped at a repair supply shop, and, while Connolly went in for the pipe, Vielleux climbed into his seat and took the wheel. When Connolly came out, he got into the rear seat, and, Vielleux driving, they proceeded to other repair supply shops for the pipe, which they failed to find. It was then suggested that they test the car on the Sixth street hill, and they drove up Sixth street with this object in view; Vielleux operating the wheel, Hildebrand sitting in the front seat beside him, and Connolly in the rear seat. While approaching the hill at a high rate of speed, the car struck plaintiff and inflicted the injuries complained of. As before stated, there is no question here as to the negligent operation of the car, nor is there any suggestion that plaintiff was guilty of contributory negligence.

The evidence was clearly sufficient to justify a finding that Connolly and Hildebrand were trying out the car at the time of the accident, and that they were authorized by defendant to do so. Clearly, therefore, if the accident had happened through the negligence of either of these servants, defendant would be responsible. The claim is that Vielleux, through whose reckless driving the accident happened, was not employed or authorized by defendant to drive the car, and therefore that the rule of respondeat superior does not apply. The facts are most peculiar. Vielleux was a servant of defendant, but he was only employed to drive a taxicab, and was not directly authorized by defendant to try out this car. But defendant's foreman knew that Vielleux was in the automobile when it started, and he was permitted by Connolly and Hildebrand to operate it. They were present all the time, and apparently made no effort to prevent Vielleux from acting as chauffeur, or from exceeding the speed limit.

We think that defendant is responsible for the negligent operation of the car, even conceding that it had not authorized Vielleux to

operate it, or authorized Connolly or Hildebrand to employ an assistant. We approve the rule that, when the master intrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent negligently does the act which was intrusted to the servant.

A clear application of this rule is found in the model opinion in Booth v. Mister, 7 C. & P. 66, where the facts were that a servant of the master, driving a cart on his master's business, intrusted the reins to a friend riding with him, who drove carelessly and caused an accident. The English judge said: "As the defendant's servant was in the cart, I think that the reins being held by another man makes no difference. It was the same as if the servant had held them himself."

In Althorf v. Wolfe, 22 N. Y. 355, the master had instructed his servant, Fagen, to remove snow and ice from the roof of a house. Fagen procured his friend Cashman to assist, and Cashman negligently threw ice and snow on a person passing by, who was killed. It was held that the master was liable.

In Dimmitt v. Hannibal, 40 Mo. App. 654, a boy who was not employed by defendant, but who had performed voluntary services about a station, threw a switch with the consent and in the presence of a brakeman, whose duty this was, but without his direction. It was held that the company was liable to a passenger injured as a result.

The cases are collected in the note to Thyssen v. Davenport, 13 L.R.A.(N.S.) 572. We think they support the conclusion that the master is liable when the act is done in the presence of the servant and by his direction, or with his acquiescence, though the person doing the act is not a servant of the master, and though the master has not authorized his servant to employ an assistant. It is generally stated, as in Althorf v. Wolfe, that the act of the stranger is substantially the act of the servant; the stranger being considered an instrumentality in the hands of the servant. In many cases the liability is placed upon the ground of the servant's negligence in permitting another to perform his duties in a negligent manner.

The case of Haluptzok v. Great Northern Ry. Co. 55 Minn. 446, 57 N. W. 144, 26 L.R.A. 739, is relied on by defendant, but this decision, conceding it to be sound, is based upon vitally different facts, and is not controlling here. In the case cited a station agent of the company had employed a young man to render general services about the station in return for the use of the office and telegraph instruments in learning to become a telegraph operator. In handling a truck on the platform, the young man carelessly ran against a child. The agent was not present, and had given no specific directions that the work be done, although it was in line with work that the assistant had been doing about the station with the agent's consent. The court sustained a verdict for plaintiff, on the ground that there was evidence that the agent had implied authority to employ an assistant, but announced the doctrine that, in the absence of express or implied authority in the servant to employ an assistant, the master is not liable for the negligence of such assistant. Justice Mitchell distinguishes Booth v. Mister, supra, and Althorf v. Wolfe, and calls the decision in the latter case "very unsatisfactory," because it is difficult to ascertain the precise ground upon which it was decided.

We have no disposition to question the soundness of the rule that under the doctrine of respondeat superior a master is not, generally speaking, responsible for the negligence of another, not his servant, or the application of this doctrine to a case where the negligent act is done by one without authority employed by the servant to assist him, and not done in the presence of the servant and with his consent. But where the servant is present, and consents to the performance of the act by the assistant in a negligent manner, we think the negligence is that of the servant, and that the master is responsible.

The facts in the case at bar are much stronger for the plaintiff than those in any of the cases cited, and are sufficient to sustain the liability of defendant under any rule. Vielleux was defendant's servant, though he was not employed by defendant to test cars that had been repaired, or to drive this particular car. He was, however, an experienced chauffeur, a driver of a taxicab for defendant. Defendant's foreman saw him ride off in the car with the two men who were

directed to test it. The latter permitted Vielleux to take the driver's seat and operate the car. These facts sufficiently show negligence on the part of Connolly and Hildebrand in abandoning the duty imposed upon them by the master, and bring the case under the doctrine applied in Setterstrom v. Brainerd & N. M. Ry. Co. 89 Minn. 262, 94 N. W. 882, which, indeed, seems really to be not different from the rule of Booth v. Mister and Althorf v. Wolfe. And we do not intimate that, under the peculiar facts of the instant case, the defendant would not be liable without reference to negligence on the part of Connolly or Hildebrand, on the ground that Vielleux was its servant and impliedly authorized to operate the car.

We find no merit in the criticisms of the remarks of plaintiff's counsel to the jury. They did not go beyond legitimate argument, and are certainly no ground for a new trial.

The amount of the verdict, while large, does not seem to us so excessive as to warrant our interference.

Order affirmed.