## T. M. ULMAN, Appellant, v. A. H. LINDEMAN, Respondent.

(10 A.L.R. 1440, 176 N. W. 25.)

**Husband and wife — liability of husband for negligent operation of automobile by wife.**

1. The owner of an automobile, kept and used for the business and pleasure of the family, is liable for its negligent operation by his wife, when driven for such purposes, with his knowledge and consent.

**Damages — automobile — owner is liable for negligent operation of same by a third person, where his wife permits third person to drive automobile.**

2. The owner of such automobile is liable for its negligent operation by a third person, directed or permitted by his wife, in her presence, to drive such automobile for purposes of the business or pleasure of the owner's family.

Opinion filed December 12, 1919.

Action for damages, through negligent operation of an automobile.

From order of the District Court, Divide County, *Leighton,* J., sustaining demurrer, plaintiff has appealed.

Reversed.

*Brace & Stuart,* for appellant.

If the master authorize the servant to use an instrumentality provided by him, and the servant negligently uses it so as to cause injury to another, the master is liable therefor, if the servant, at the time, was engaged in the business of the master, but is not liable therefor if the servant, at the time, was not engaged in the business of the master, but was using the instrumentality for his own purpose. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 Pac. 1091; McNeal v. McKain, 33 Okla. 449, 41 L.R.A.(N.S.) 775, 126 Pac. 742; Geiss v. Twin City Taxicab Co. 120 Minn. 368, 45 L.R.A.(N.S.) 382, 139 N. W. 611; Birch v. Abercrombie, 74 Wash. 486, 50 L.R.A.(N.S.) 59, 133 Pac. 1020; Hutchins

NOTE.—For authorities passing on the question of liability of husband for an injury resulting from the negligent operation of an automobile by his wife, which he kept for the comfort and pleasure of his family and which he permitted her to use for that purpose, see notes in L.R.A.1916F, 227; L.R.A.1918F, 300; 5 A.L.R. 232, and 10 A.L.R. 1452, on liability where spouse of owner is using car.

v. Haffner (Colo.) L.R.A.1918A, 1008, 167 Pac. 966; King v. Smythe (Tenn.) L.R.A.1918F, 293, 204 S. W. 296.

A father who furnishes a vehicle for the customary conveyance of the family makes their conveyance by that vehicle his affair, that is, his business, and anyone driving the vehicle for that purpose, with his consent, express or implied, whether a member of his family or another, is his agent. Birch v. Abercrombie, 74 Wash. 486, 50 L.R.A.(N.S.) 59, 133 Pac. 1020; Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 N. W. 1091; Lemke v. Ady (Iowa) 159 N. W. 1011; Marshall v. Taylor, 168 Mo. App. 240, 153 S. W. 527; McNeal v. McKain, 33 Okla. 449, 41 L.R.A.(N.S.) 775, 126 Pac. 742; Jensen v. Fischer (Minn.) 159 N. W. 827; Linde v. Browning, 2 Tenn. C. C. A. 262; Lewis v. Steel, 52 Mont. 300, 157 Pac. 575; Missell v. Hayes, 86 N. J. L. 348, 91 Atl. 322; Hutchens v. Haffner (Colo.) L.R.A.1918A, 1008, .167 Pac. 966; King v. Smythe (Tenn.) L.R.A.1918F, 293, 204 S. W. 296; Boes v. Howell (N. M.) L.R.A.1918F, 288, 173 Pac. 966.

One who maintains an automobile for the pleasure of himself and his wife, who has general permission to use it as she desires, is liable for injury negligently inflicted by her while driving the car for her own pleasure; since she is his agent in carrying out the purpose for which the car was purchased. Hutchens v. Haffner (Colo.) L.R.A.1918A, 1008, 167 Pac. 966; McWhitter v. Fuller (Cal.) 170 Pac. 417.

Where a father keeps an automobile for the general use of the family, employing a chauffeur as a driver, he is liable for its negligent operation while it is being used for such purpose. Cohen v. Borgencht, 83 Misc. 28, 144 N. Y. Supp. 399; Winefrey v. Lagerns, 148 Mo. App. 388, 128 S. W. 276; Moon v. Mathers, 227 Pa. 488, 29 L.R.A.(N.S.) 856, 136 Am. St. Rep. 902, 76 Atl. 219; McHarg v. Adt, 163 App. Div. 782, 149 N. Y. Supp. 244; Hazzard v. Carstairs, 244 Pa. 122, 90 Atl. 556; Freeman v. Green (Mo. App.) 186 S. W. 1166; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745.

Where the owner's daughter was in charge of the family pleasure car, and she allowed a guest to operate, the owner was responsible for damages caused by the negligent operation of the car by such guest. Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 N. W. 1091; Berry, Automobiles, 2d ed. § 653; Babbit, Automobiles, § 902.

It was, at least, a question for the jury whether, at the time of the

accident, she was not the servant of the defendant and engaged upon the business of defendant. Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 N. W. 1091; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Missell v. Hayes, 86 N. J. L. 348, 91 Atl. 322; Clark v. Sweaney (N. C.) 95 S. E. 568.

*W. H. Sibbald,* for respondent.

BRONSON, J. This is an appeal from an order sustaining a demurrer to the complaint. The allegations of the complaint, essential for consideration herein, are as follows: "That on the 7th day of April, 1918, defendant, A. H. Lindeman, was the owner of a Ford automobile owned and kept for the use, pleasure, and recreation of himself and family. That on the 7th day of April, 1918, the wife of the defendant, Bessie Lindeman, with the knowledge and consent of defendant, together with the children of defendant and one Alice B. Thomas, was riding in said car in the public streets of the city of Crosby, North Dakota. Said car then being operated and driven by the said Alice B. Thomas, with the knowledge and consent of defendant's wife, the said Bessie Lindeman; that the said Alice B. Thomas was incompetent to properly operate and drive said car, and wrongfully, negligently, and carelessly drove the said car upon the above-described Bowser gasoline tank belonging to plaintiff, etc."

The pertinent question is whether such allegations state a cause of action against the defendant, the owner of the automobile, for the alleged negligence of the driver.

This court has heretofore held that the owner of an automobile is liable for its negligent operation by his wife, when driven, with his knowledge and consent, for purposes of business or pleasure of the family. Vannett v. Cole, 41 N. D. 260, 170 N. W. 663. The question now involved upon the complaint herein is the liability of an automobile owner for the negligent operation of his automobile, then used for the business or pleasure of the family, when driven by a stranger, with the knowledge and consent of his wife, who, with the knowledge and consent of the owner, together with his children, was then riding in such automobile.

The owner of an automobile is held to a liability for its negligent operation by one, other than himself, upon principles involving the

relation of master and servant, and, to some extent, principles of agency.

So, when an automobile is negligently operated by a chauffeur employed by the auto owner, he is liable as master for the negligent operation by his servant.

Likewise, when an auto is negligently operated by a person then directed by the auto owner to so operate in his presence, the owner is held liable for its negligent operation by such person, as the servant or agent of the owner.

Where an automobile is operated by a person not the servant or the express agent of the owner thereof, there are recognized to be three grounds upon which the owner may be held to a liability for the negligent operation of the car, *viz.*:

1. Where the servant of the auto owner, employed for the purpose of driving such auto, negligently chooses a stranger to operate the car in his place, the master may be held negligent in its operation by reason of such servant's negligence. Engelhart v. Farrant [1897] 1 Q. B. 240, 66 L. J. Q. B. N. S. 122, 75 L. T. N. S. 617, 45 Week. Rep. 179; Thyssen v. Davenport Ice & Cold Storage Co. 134 Iowa 749, 13 L.R.A. (N.S.) 576, 112 N. W. 177; Leavenworth Electric R. Co. v. Cusick, 60 Kan. 590, 72 Am. St. Rep. 379, 57 Pac. 519, 6 Am. Neg. Rep. 282. See Andrews v. Boedecker, 126 Ill. 605, 9 Am. St. Rep. 651, 18 N. E. 651; Hill v. Winnipeg Electric R. Co. 21 Manitoba L. R. 442, 6 B. R. C. 691. See note in 6 B. R. C. 705; Ricketts v. Tilling [1915] 1 K. B. 644, 6 B. R. C. 683, 84 L. J. K. B. N. S. 342, 112 L. T. N. S. 137, 31 Times L. R. 17; Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619. See Labatt, Mast. & S. § 2517, p. 7743.

2. Where a servant employed to drive such car directs or permits a stranger to operate such car in the master's business, and in the presence of the servant, the master may be held liable for its negligent operation, upon the ground that such operation was, in fact, the servant's operation. See note in 13 L.R.A.(N.S.) 572. See cases hereinafter cited.

3. Where the servant employed to operate the automobile selects a stranger to so drive the car, in his place, upon the express or implied permission or direction of the owner thereof, a liability for the negligent operation of the automobile may be fastened upon the owner by reason of the consent or permission of such owner. Mechem, 3 Mich. Law Rev. (1905) 216. See note in 45 L.R.A.(N.S.) 382; Cooper v. Lowery, 4 Ga. App. 120, 60 S. E. 1015.

In this case, if the complaint states any cause of action at all, it must exist upon the second ground hereinbefore stated. The complaint does not allege that the wife of the defendant negligently selected the stranger to operate the car. There is, therefore, no cause of action stated under the first ground above mentioned.

The complaint does not allege that Alice B. Thomas, the stranger, operated the car, with the expressed or implied permission or consent of the owner thereof. There is therefore no cause of action stated upon the third ground above mentioned.

The complaint does, however, sufficiently allege that the automobile, at the time, was being operated for the business of the defendant; namely, the use, pleasure, and recreation of his family; that it was being used at the time by the wife of the defendant, with his knowledge and consent; that the wife directed or permitted Alice Thomas to operate such car for the purpose of the business of its owner; that, by reason of its negligent operation, the accident occurred.

The question is therefore squarely presented, upon these allegations, of the liability of the owner for the negligent act of the stranger.

If, at the time of the accident, the wife of the defendant were driving the car for purposes of the owner's business (and the pleasure of the family is a business of the master), the husband would have been liable for its negligent operation. Vannett v. Cole, 41 N. D. 260, 170 N. W. 663; Hutchins v. Haffner, 63 Colo. 365, L.R.A.1918A, 1008, 167 Pac. 966; McWhirter v. Fuller, 35 Cal. App. 288, 170 Pac. 417; Farnham v. Clifford, 116 Me. 299, 101 Atl. 468; McNeal v. McKain, 33 Okla. 449, 126 Pac. 742, note in 41 L.R.A.(N.S.) 775; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; King v. Smythe, 140 Tenn. 217, 204 S. W. 296, note in L.R.A.1918F, 297; Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, note in 50 L.R.A.(N.S.) 59; Boes v. Howell, 24 N. M. 142, 173 Pac. 966, note in L.R.A.1918F, 288; Crittenden v. Murphy, 36 Cal. App. 803, 173 Pac. 595; Johnson v. Smith, 143 Minn. 350, 173 N. W. 675; Griffin v. Russell, 144 Ga. 275, 87 S. E. 10, Ann. Cas. 1917D, 994, note in L.R.A.1916F, 223; Van Blaricom v. Dodgson, 220 N. Y. 111, 115 N. E. 443, see note in L.R.A.1917F, 365; Hiroux v. Baum, 137 Wis. 197, 19 L.R.A.(N.S.) 332, 118 N. W. 533; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161; Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 354; Stowe v.

Morris, 147 Ky. 386, 39 L.R.A.(N.S.) 224, 144 S. W. 52; Landry v. Oversen, 187 Iowa, 284, 174 N. W. 255; Collinson v. Cutter, 186 Iowa, 276, 170 N. W. 421; Lewis v. Steele, 52 Mont. 300, 157 Pac. 575; Missell v. Hayes, 86 N. J. L. 348, 91 Atl. 322; Plasch v. Fass, 144 Minn. 44, 10 A.L.R. 1446, 174 N. W. 438.

Is the husband still liable, as a master or upon principles of agency, where the wife, authorized to operate the car, permits or directs, in her presence and stead, that the car be operated negligently by a stranger, for purposes of the business of the master?

In such or similar cases, a long line of authorities have held a liability to attach to the master. In many cases this holding is based upon the reasoning that the stranger is a mere instrumentality by which the servant or agent performs his duties; a longer arm which the servant or agent wields and controls; that the master's business is being performed, therefore, by the agent or servant through the stranger in question. 6 B. R. C. 710; Mechem, 3 Mich. L. Rev. 216; Geiss v. Twin City Taxicab Co. 120 Minn. 368, 45 L.R.A.(N.S.) 382, 386, 139 N. W. 611; Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 N. W. 1091.

Thus in Booth v. Mister (1835) 7 Car. & P. 66, the master was held liable for the negligence of one who was permitted to drive a cart, by the servant, in the presence of such servant.

So, in Althorf v. Wolfe (1860) 22 N. Y. 355, the master was held liable where the servant secured a friend to aid him in cleaning off a roof whereby a passer-by was injured.

So, in James v. Muehlebach, 34 Mo. App. 512, the master or owner of a beer wagon was held liable by reason of injuries sustained when a barrel was thrown from the wagon by a stranger, with the consent of the driver, the servant. This court stated: "If a servant in charge of his master's carriage should take a stranger with him into the driver's seat, hand him the reins, and tell him to drive at a run, and an injury happen in consequence of the speed, the master must answer for the damage, for the negligence was that of his servant. But not so if the servant had quit the carriage and substituted the stranger in charge, generally in his stead, without the knowledge of the master."

So, again, in Simons v. Monier, 29 Barb. 419, the master was held

liable where a son of the servant, through his direction, set fire to brush, occasioning damage.

In Hollidge v. Duncan, 199 Mass. 121, 17 L.R.A.(N.S.) 982, 85 N. E. 186, the owner of a cart was held liable where the driver called to his assistance, in order to repair the same, a stranger, through whose negligence injury was occasioned.

In Lippman v. Campbell, 40 Mo. App. 564, liability was fastened upon the master through the negligent act of a boy in throwing a switch through the consent of a brakeman whose duty it was so to do.

In Slothower v. Clark, 191 Mo. App. 105, 179 S. W. 55, where the chauffeur let a stranger take the wheel, he remaining in the seat beside him, the court stated that the stranger's acts, practically speaking, were the acts of the servant, done in the defendant's service and while carrying out the chauffeur's employment.

In Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 971, 146 N. W. 1091, where the daughter had authority to operate the car of her father, and upon his business; and where, further, while so doing, she turned the car over to a stranger to drive, through whose negligence injury occurred in her presence,—it was held that the owner thereof was not absolved from responsibility.

Likewise in Geiss v. Twin City Taxicab Co. 120 Minn. 368, 45 L.R.A.(N.S.) 382, 139 N. W. 611, where two servants whose duty it was to operate the automobile turned over such operation to another person through whose negligent operation an accident occurred, it was held that when the master intrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant, and with his consent, negligently does the act which was intrusted to the servant.

These cases, upon the specific principles of law involved, as hereinbefore stated, are not in conflict with Van Blaricom v. Dodgson, 220 N. Y. 111, L.R.A.1917F, 363, 115 N. E. 443, where the owner of an automobile was held not liable for its negligent operation by his adult son, when, with such owner's permission, he was using the car for his own purposes; nor with the case of McFarlane v. Winters, 47 Utah, 598, L.R.A.1916D, 618, 155 Pac. 437, where the owner of an automobile was held not liable for its negligent operation by his son, who was driving the car for a stranger, to whom it had been loaned by the owner.

We are therefore satisfied, upon principles and authority, that the owner of an automobile is liable for its negligent operation by a stranger, where such automobile, at the time, is being used in furtherance of the owner's business, and in the presence of one who, authorized by the owner to operate such car, has authorized or directed such stranger, in her presence, to drive such car. In our opinion the legal reasons are sound which justify the imposition of a liability upon the owner of an automobile where injury, through negligence occurs by means of an instrumentality used for his business or the pleasure of himself or family, through methods or agencies that he has provided or authorized.

It therefore follows that the complaint herein states a cause of action. The order of the trial court is reversed, with costs to the appellant.

GRACE and ROBINSON, JJ., concur.

BIRDZELL, J. (dissenting). It will be apparent that the doctrine of *respondeat superior* has undergone considerable change when it is made the basis for a holding such as that adhered to by the majority of the court in this case. In dissenting, I have no disposition to question the fact that a considerable number of our courts of last resort have countenanced analogous extensions in automobile cases; nor do I care to take the time to analyze the decisions for the purpose of showing to what extent excrescences have been ingrafted upon the basic rule of liability by a species of judicial legislation. I shall content myself with the use of this case and a few others that may be supposed as illustrations of what I believe to be the erroneous extension of the doctrine of *respondeat superior*. I shall, however, prefix my remarks by saying that this is the first time this question has been presented in this court and the first time the court has been called upon to pass upon it. In Vannett v. Cole, 41 N. D. 260, 120 N. W. 563, cited by the majority, there is no holding by a majority of the court upon the question, and, inasmuch as counsel for the defendant expressly stated that the question was not raised nor relied upon by him, it was, of course, not here for decision.

In the instant case it is held that when one who owns an automobile, keeps it for the use, pleasure, convenience, or recreation of himself and family, and consents to his wife driving the car, and she, in turn, allows a stranger to drive the car for her, such owner is liable for the negligence

of the stranger in the operation of the car. The principle upon which liability is supported is that the wife is the servant of the husband, or possibly his agent, when using the car for the intended purpose, and that the acts of the stranger are equally the acts of the servant or agent. Similarly, in the Vannett-Cole Case, the writer of the principal opinion treated the liability of the defendant as based upon the doctrine of *respondeat superior,* the wife in the case being the servant of her husband when using the car for a purpose that he authorized or intended it to be used; namely, her own recreation. It is novel, to say the least, that the relations between husband and wife are such that when an indulgent husband furnishes an automobile for the convenience and recreation of his wife, and the latter uses it for the intended purpose, while doing so she is the servant of her husband. According to this logic, how much more ground would there be for liability if the wife, through the negligent use of an electric iron, which the husband has provided for her convenience, should burn down the flat building. Or does the wife cease to be the servant of the husband when she steps from the automobile, and does she again become a free and independent lady when she steps into the laundry to perform the household tasks? Truly may the servant who sits at the steering wheel of her husband's automobile envy the independence of the lady who has nought to do but smooth out the family washing!

Or, possibly liability is not predicated so much upon a true relation of master and servant as upon ownership and license. If so, it is all the more a pure judicial invention, as there is no principle of law according to which the owner of a chattel becomes liable for the negligence of one who merely has permission to use it,—dangerous instrumentalities excepted. The decisions in automobile cases do not treat them as dangerous instrumentalities. If the generosity of the owner of an automobile is to be thus penalized, why not extend the penalty so as to cover the thousand and one instrumentalities which parents provide for their children's amusement, and with which the latter are prone to commit depredations with more or less serious consequences, to their neighbor's personal and property rights? Ownership and license do not, in themselves, afford any ground for legal liability to third persons.

But yet, strange to say, if an infant, whose fortune in worldly goods exceeded that of his father, should use some of his means to purchase an

automobile for his father's convenience in going back and forth to his place of business, and the father, while so using the machine, should meet with an accident, the infant owner, through the magic wrought by unusual differences of fortune, is his father's master for all purposes of legal liability. Or if the wife should supply the car for the husband's use, by a similar touch of the legal magician's wand, the husband becomes the servant of his wife. The date of writing (December 24th) suggests the thought that all these strange legal consequences could readily be avoided by taking the next step in generosity, and making the gift outright to those for whose use the car is purchased. How reassuring to the twentieth century woman, that her position of servility hangs upon such a slender legal thread that it may be broken by the mere gift and acceptance of a bill of sale to a Ford automobile!

I submit that there is no basis in law for the liability imposed by the doctrine followed by the majority, and which finds more or less support in the cases cited. If it is thought desirable that the ownership of an automobile be made a prima facie indication of the possession of means sufficient to assure payment of damages to those who may be injured as a result of the operation of the car, the legislature should establish the presumption and fix the rule of liability.

This is not an instance of the application of an established legal principle to a new set of facts, and it does not, therefore, represent a legitimate progressive growth of the common law. On the contrary, the established legal doctrine of *respondeat superior* is simply the plausible pretext used to justify a result arbitrarily reached. I can see no occasion to stretch settled legal doctrines beyond recognition in order to enforce what might, at first blush, seem to be a salutary rule of liability.

CHRISTIANSON, Ch. J., concurs.