JOSEPH WINKELSTEIN AND VIOLET WINKELSTEIN, PLAINTIFFS-APPELLANTS, v. ISIDORE SOLITARE, DEFENDANT-RESPONDENT.

Submitted May 5, 1942—Decided August 27, 1942.

Before Justices BODINE and HEHER.

For the appellants, *Philip Monheit.*

For the respondent, *DeBrier & Shahadi* (*Harry Miller,* of counsel).

The opinion of the court was delivered by

HEHER, J. There was a judgment for defendant in this action in tort for negligence; and plaintiffs appeal.

The agreed state of the case discloses this factual situation: On October 18th, 1940, at about 1:30 A. M., defendant drove his automobile to the home of a friend resident in Atlantic City to join his wife, a guest therein, and convey her home. He offered the same service to several other guests, and they accepted. He took the operator's seat. His wife sat beside him; and his sister-in-law, Ann Solitare, "not a member of the defendant's family or household," was to her right. As the other invitees were entering the vehicle, defendant addressed his sister-in-law thus: "Ann, it is cold in here; close the door." Thereupon, she reached out and closed the door against a finger of the female plaintiff, who had taken hold of the door frame for support while stepping into the car.

It is also stipulated that, although the issue was tried without a jury, defendant's motion "for a direction of a verdict was granted on the ground that the negligence of Ann, the sister-in-law, was the act of an independent third party and not the act of the defendant's agent, servant or employee, so that if she were guilty of negligence, that negligence could not be imputed or attributed to the defendant as the master and principal;" and that an exception was allowed to the "court's ruling." If there be error of law in the consequent judgment, it is remediable under *R. S.* 1937, 2:27-358. *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.

Such error appears. The closing of the door was at defendant's express direction, and in his presence; and thus the wrongful act in the execution of the command was his own. The principle was applied in an English case a century ago. Defendant's servant, Usher, who was in charge of defendant's cart, was riding in the cart at the time when it struck a cabriolet through the negligence of the cart driver, a person not in defendant's service to whom Usher had given the reins. Lord Abinger said: "As the defendant's servant was in the cart, I think that the reins being held by another man makes no difference. It was the same as if the servant had held them himself." *Booth* v. *Mister, 7 C. & P.* 66; 32 *E. C. L.* 502. See, also, *Althorf* v. *Wolfe,* 22 *N. Y.* 355; *Hollidge* v. *Duncan,* 199 *Mass.* 121; 85 *N. E. Rep.* 186;

*Geiss* v. *Twin City Taxicab Co.,* 120 *Minn.* 368; 139 *N. W. Rep.* 611.

And the relationship was one to which the principle of *respondeat superior* is applicable. The actor was the agent or servant of defendant so as to render him liable for her wrongful act in the performance of the service thus undertaken at his request. The relation of master and servant in its full sense arises only out of contract, express or implied; but to constitute that relation as to third persons, it is not requisite that "any actual contract should subsist between the parties or that compensation should be expected by the servant. * * * 'The real test as to third persons,' says Mr. Wood, in his work on Master and Servant, page 11, section 7, 'is whether the act is done by one for another, however trivial, with the knowledge of the person to be charged as master, or with his assent, express or implied, even though there was no request on his part to the other to do the act in question.' " *Doran* v. *Thomsen,* 76 *N. J. L.* 754. *Vide Hill* v. *Morey,* 26 *Vt.* 178; *Kimball* v. *Cushman,* 103 *Mass.* 194. And the principal is likewise liable for the tortious acts of his agent within the range of the employment. *Clark* v. *Cliffside Park,* 110 *N. J. L.* 589.

The relation of principal and agent and that of master and servant are essentially similar, and the terms are sometimes used interchangeably. The difference is one of degree only. Both render service, but the "servant" does not "represent" the employer. Whatever the difference may be, the principles governing the rights, duties and liabilities growing out of these relations are for the most part the same. 2 *C. J. S.* 1029. The principle of *respondeat superior* governs both relations. *Broom's Legal Maxims,* 544. The rationale of the maxim is that "he who expects to derive advantage from an act which is done by another for him, must answer for any injury which a third person may sustain from it." *Hall* v. *Smith,* 2 *Bing.* 156, 160; 130 *Eng. Rep.* 265; 9 *J. B. Moore,* 226; 2 *L. J. C. P.* 113.

The judgment is accordingly reversed, and a new trial awarded; costs to abide the event.