McGUIRE et ux. v. PARKER.

CUMMINS v. PARKER.

JONES v. PARKER.

SHIPMAN et ux. v. PARKER.

Nos. 350–353.

District Court, W. D. Missouri,
Central Division.

May 21, 1948.

Morgan M. Moulder, of Camdenton, Mo.,
for plaintiffs.

Ragland, Otto, Potter & Embry and
Leon P. Embry, all of Jefferson City, Mo.,
for defendant.

REEVES, District Judge.

Similar motions have been filed in each
of the above causes. It is the contention
of the defendant in each case that he, be-
ing a non-resident of the State of Mis-
souri, the process served upon him was
not in accord with law, and even if con-
sonant with the provisions of named stat-
utes then said statutes are unconstitution-
al and void because violative of Section I
of the Fourteenth Amendment to the Con-
stitution of the United States.

The facts in each case are substantially
the same. The defendant was the non-
resident owner of an automobile brought
into Missouri and used by him while
sojourning in the state. It was described
as a "1941 model Ford V-8 automobile." It
is averred that, " * * * on the 7th day of
November, 1947, while the defendant was
in Camden County, Missouri, and in charge
of the use, management and the operation
of said automobile on the highways of this
State, he, the defendant, then and there un-
lawfully, carelessly and negligently loaned
and intrusted said Ford automobile" to
John William Cummins and Earl Van Mc-
Guire, who were then 14 and 15 years of
age respectively, "for their use in operat-
ing it and driving it on the public high-
ways of this State."

Other minors were in the automobile at
the time the driver lost control on a steep
grade with the result that some of the
occupants were killed and others seriously
injured, according to the averments of the
complaint.

Suits were filed and jurisdiction over
the defendant was sought, perforce the
provisions of an Act of the Missouri Legis-
lature: "Motor Vehicles: Relating to civil

200

actions against non-residents," Laws of Missouri 1941, pages 435, 438, incl., Mo. R.S.A. § 8410.1 et seq. Summonses were issued and served upon the Secretary of State or his Chief Clerk as provided in said Act, and the defendant was further notified as provided by said statute.

It is the contention of counsel for defendant that at the time of the accident and injury the defendant was not personally operating his said automobile nor was it being operated by an agent, and therefore defendant was not a "person" as defined by said statute and not in the contemplation of the law.

1. It is substantially charged in each of the complaints that, "the defendant negligently and carelessly loaned and intrusted his said Ford automobile" to John William Cummins and Earl Van McGuire, "when the defendant knew, or by the exercise of ordinary care should have known, that they and each of them were of immature age, and incompetent or incapable of properly and safely operating said automobile upon the public highways of this State." And, moreover, it was charged that the automobile was in a defective condition and out of repair, "so as to render its use and operation on the public highways dangerous * * *."

The averments of the complaints are adequate to show negligence on the part of the owner in the use of his automobile. It is alleged that he intrusted it or loaned it to boys, who, because of their youth and inexperience, were incompetent and incapable of operating it. If these averments be true, then the defendant was negligent in putting his automobile in incapable and incompetent hands.

2. In the case of Saunders v. Prue et al., 235 Mo.App. 1245, 151 S.W.2d 478, 482, the court held that there was a well-defined exception to the general rule of negligence "in intrusting a dangerous article to one whom he knows to be unfamiliar with its dangerous quality, uninstructed in its use, or incompetent to use due care." See also Turoff v. Burch, 60 App.D.C. 221, 50 F.2d 986, loc. cit. 987. This would be sufficient to charge the defendant with the misuse of his automobile while in the state.

3. Accepting the averments of the complaint as true for the purposes of these motions, the defendant, in placing an automobile in the hands of inexperienced boys, brought himself within the attractive nuisance or turn-table doctrine which obtains in this state, and thus again negligently used his automobile while sojourning in the state.

4. No authorities were cited by the defendant which indicate the constitutional invalidity of the statutes challenged. However, the defendant was not only served with process in the manner conformable to the statute, but the record shows that a notice of such service was served "upon the above named defendant Jack Parker, by delivering a true copy thereof, together with a copy of the original summons and plaintiffs' petition attached thereto, to the said Jack Parker, personally." This was done by a process server at Des Moines, Iowa. It would follow that the defendant cannot properly complain of failure of due process.

Since the court must presume the constitutional validity of the Act, it follows that the several motions to dismiss, or, in the alternative to quash service, should be overruled, and it will be so ordered.