### HILL *v.* SHEEHAN.

*(Superior Court of Buffalo, General Term. October 26, 1892.)*

MASTER AND SERVANT—WHEN RELATION EXISTS.

> Where defendant instructed his servant to deliver a horse at a certain place, and the servant intrusted a stranger with the horse for the delivery, the relation of master and servant between defendant and the stranger was created, and defendant thus became liable to plaintiff for damages resulting from the stranger's negligence in performing such service.

Exceptions from trial term.

Action for personal injuries by James H. Hill against William Sheehan. Defendant had judgment, and plaintiff's motion for a new trial on a case and exceptions was ordered to be heard at general term in the first instance. Motion granted.

Argued before HATCH and WHITE, JJ.

*John Laughlin*, for plaintiff. *Edward L. Jellinek*, for defendant.

HATCH, J. The facts upon which this motion is to be disposed of are undisputed, and are these: Defendant is the keeper of a livery stable. He con-

tracted with one Louis Jellinek to keep a horse, and at stated times of the day to deliver the same at the latter's place of business. The stable and the business place are situate upon different streets in the city, and the custom was for defendant to intrust the said horse to one of his servants for delivery, the latter having positive instructions not to permit any other person to drive the horse, or to deliver it to the owner. In pursuance of these instructions, one of defendant's servants, competent in all respects for the performance of his duty, had attached the horse to a cutter, preparatory to by one livery at the owner's place of business, when he was applied to by one Krueger, a person not in defendant's employ, and who never had been, for leave to drive said horse and cutter to its destination. This request was granted, and, while Krueger was passing over the usual route between said stable and business place, he drove said horse in such a negligent and careless manner that, while crossing a street, he ran into and seriously injured plaintiff. This action was subsequently brought to recover damages for such injury. At the close of the evidence defendant moved for the direction of a verdict in his favor, and thereupon the court directed the jury to find a verdict for defendant of no cause of action, which they accordingly did. Exception was taken to such ruling, presenting the questions now here.

The direction by the court proceeded upon the theory that the relation of master and servant was not established, and consequently defendant was not liable for the act of Krueger. Examination leads me to the conclusion that this ruling was wrong. We see that the servant of the defendant was charged with the duty of delivering the horse. That he violated that duty in intrusting it to a stranger for delivery is equally true, but such violation of duty does not lead to a discharge of the master from liability. *Quinn* v. *Power,* 87 N. Y. 535. It is said by Judge GROVER in *Cosgrove* v. *Ogden,* 49 N. Y. 255: "The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do." Here the servant was charged with the personal delivery of this horse. He violated the instruction by intrusting performance to a stranger, but he intrusted it to the stranger for no other or different purpose than such as he was charged with, and the horse at the time of injury was being driven by the usual route. While the positive instruction was violated, yet we see that the master's business was being prosecuted throughout the entire transaction. Had the horse been delivered to the stranger for any other purpose than delivery to its owner, or had the servant or stranger or both used it to drive for purposes of business or pleasure, disconnected from the business of the master, a different rule would apply, and we would have the case relied upon by defendant, as presented in *Cavanagh* v. *Dinsmore,* 12 Hun, 465. As it is, we have a case in principle like *Althorf* v. *Wolfe,* 22 N. Y. 355, where it is stated by Judge DENIO: "If we keep in mind that the defendant is responsible for the acts of Fagan, [the servant,] and that Fagan took his comrade [stranger] onto the roof, and thus enabled the latter to do the mischief, it is difficult to discover any principle which will shield the defendant from responsibility." Id. 364. It is insisted that Krueger was in no sense defendant's servant, and consequently he cannot be made liable for his acts. This overlooks the fact that by the act of the servant who was in charge, an instrument, *i. e.,* Kreuger, was used for the prosecution of the master's business, and that such instrument inflicted the injury. It is not essential, under such circumstances, that the relation of master and servant should exist, in order to fasten responsibility. It is sufficient when it appears that the master's business is being prosecuted by the instrument used. This question has, however, been decided. In *Kilroy* v. *Canal Co.,* 121 N. Y. 22, 24 N. E. Rep. 192, a captain of a canal boat was charged with the management of a guy rope connected with a hoisting ap-

paratus used in unloading a cargo. While in use, the captain temporarily intrusted the management of the rope to a boy, who negligently operated it, inflicting injury. The defendant, whose servant the captain was, was held liable for the act. I see no distinction between the cases. Defendant strongly insists upon the case of *Hexamer* v. *Webb*, 101 N. Y. 377, 4 N. E. Rep. 755, as being fatal to a recovery. This, and other cases like it, hold that an owner is not liable for the acts of servants working under the direction of an independent contractor, whether paid by the day or otherwise. These authorities would be precisely in point if it were attempted to enforce liability against the owner of the horse, but they are without application to the principle involved in this case. It follows that the exceptions should be sustained, and the motion for a new trial granted, with costs to abide the event.

WHITE, J., (*concurring.*) From the evidence taken on the trial the jury might have found that on December 8, 1890, the defendant was the proprietor of a boarding and livery stable in Buffalo, and had as a boarder at his stable a horse owned by one Louis Jellinek; that it was the duty of the defendant to deliver the horse to its owner, for his use, at his place of business, at a certain hour each day, and the duty of making such delivery was intrusted by the defendant to the servant, who employed a stranger to perform that duty in his stead; that on the day in question the servant of the defendant charged by him with the duty of delivering the horse at Jellinek's place of business, instead of performing the duty himself, and without the knowledge or consent of the defendant, (at least I will assume the absence of such knowledge and consent,) employed the stranger to perform that duty, and that in its performance the stranger negligently handled and drove the horse on the way to Jellinek's place, and that by reason of such negligence the plaintiff was injured. The trial court directed a verdict of no cause of action in favor of the defendant, on the ground that the relation of master and servant did not exist at the time of the accident between the defendant and the stranger who was driving the horse. It is claimed by the respondent that the rule applicable to this case is laid down in the cases of *King* v. *Railroad Co.*, 66 N. Y. 181, and *Hexamer* v. *Webb*, 101 N. Y. 377, 4 N. E. Rep. 755. Those cases decide simply that the owner of premises is not responsible for the negligence of the servant of an independent contractor engaged in making repairs on such premises. The same principle is recognized in the case of *Boniface* v. *Relyea*, 6 Rob. 397, 36 How. Pr. 457, and *Michael* v. *Stanton*, 3 Hun, 462, cited by the respondent. The cases of *Cavanagh* v. *Dinsmore*, 12 Hun, 465, and *Sheridan* v. *Charlick*, 4 Daly, 338, are authorities for the well-settled rule that for the negligence of a servant while engaged in his own business, and not in that of his master, the master is not liable. The plaintiff's right to go to the jury, I think, is clearly established by the cases of *Althorf* v. *Wolfe*, 22 N. Y. 355; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Kilroy* v. *Canal Co.*, 121 N. Y. 22, 24 N. E. Rep. 192. The exceptions taken by the plaintiff to the direction of a verdict for the defendant should therefore be sustained, and his motion for a new trial granted.