## City of Indianapolis v. Lee.

[No. 10,954.  Filed October 28, 1921.]

1. **Master and Servant.**—*Negligence.*—*Master's Liability.*—*Relation of Master and Servant.*—It is the general rule that under the doctrine of *respondat superior* a master is not responsible for the negligence of one who is not his servant or agent. p. 509.

2. **Municipal Corporations.**—*Personal Injuries.*— *Permissive Use of City Truck.*—*Liability of City.*—Where the driver of a city motor truck, in violation of his orders, permitted another to drive the truck in accordance with his directions, the city was liable for the negligence of such other in operating the truck in such a manner as to injure a pedestrian. p. 509.

3. **Master and Servant.**—*Stranger Assisting Employe.*—*Negligence.*—*Master's Liability.*—Generally, where a servant, without express or implied authority from the master, suffers or permits a stranger to do, or assist in doing, the work which the master entrusted to the servant, the master is liable under the rule of *respondeat superior* for an injury to a third person inflicted through the tortious act of the stranger. p. 510.

From Marion Superior Court (A3,218) ; *Theophilus J. Moll*, Judge.

Action by Pearl Lee against the city of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel Ashby, Thomas D. Stevenson, Harry E. Yockey* and *Dixon H. Bynum*, for appellant.

*Charles B. Clarke* and *Walter C. Clarke*, for appellee.

DAUSMAN, J.—The paragraph of complaint on which this cause was tried alleges: That in the management, operation and control of its streets, boulevards and parks, the city of Indianapolis owns and operates many automobiles and other vehicles; that on April 26, 1919, one of the vehicles so owned and operated was a large motor truck which was used for the purpose of transporting freight; that on said date the city, through its employes and agents, while acting within the scope of their authority, carelessly and negligently operated one of its automobiles along and over Hillside avenue, near Nineteenth street, in said city, at a negligent and rapid rate of speed, to wit: thirty miles per hour; that the city, through its said agents and employes, carelessly and negligently caused the automobile while being operated at said rate of speed, suddenly and without warning to leave the part of the street used by vehicles, and to cross the sidewalk and to go upon the lawn for a distance of eight or ten feet, and to strike, collide with, and knock down the plaintiff, with great force and violence, thereby wounding her, etc.

The only answer was a general denial. A verdict was returned in the sum of $1,200. The trial court required the plaintiff to remit $600 or take a new trial. A remittitur was filed accordingly, and thereupon the motion for a new trial was overruled.

The undisputed facts, essential to this decision, are as follows:

The city of Indianapolis owned a motor truck which was used by the department of public parks. One Sam Neff was employed by the city to drive the truck. He had been so employed for one year and six months prior to the accident hereinafter described. On April 26, 1918, he was ordered by his employer to take some freight from Brookside Park to Highland Place. He was executing that order when at Sixteenth street and Roosevelt avenue he came upon one Claude Merrill who was having trouble with his automobile. Merrill's car was standing in the street and he was cranking it and endeavoring to get the engine started, but was unable to do so. Neff stopped the truck and proceeded to help Merrill. He adjusted the carbureter on Merrill's car and started the engine. Unfortunately there is in the record but a mere fragment of the conversation between the two men. It does appear, however, that Neff offered to fix Merrill's car; and later told Merrill to drive the city truck and to follow him on Roosevelt avenue to Nineteenth street. Neff then took Merrill's car and Merrill took the city truck. The two proceeded northward, Merrill following Neff. As they thus moved along, Neff looked back at least twice to see how Merrill was coming. Just before reaching Nineteenth street one of the wheels of the truck ran into a hole or depression in the street, and thereby the truck was turned eastward—which was toward Mrs. Lee, who was walking southward. She was hit by the truck and was injured. Neff was eighteen years of age. Merrill was twenty-two years of age and weighed 112 pounds. The two young men resided in the neighborhood where the accident occurred and had been acquainted with each other for a long time. Immediately after the accident the police arrested Merrill and took Mrs. Lee to a hos-

pital; and Neff took the truck and proceeded to his destination. Neff had been instructed by his employer not to permit any other person to operate the truck without permission in writing through the department of parks.

Appellant's sole contention is that the verdict is contrary to law for the reason that the city is not liable for Merrill's negligence because as between him and the city the relation of master and servant did not exist.

It is clear that the relation of master and servant did not exist between the city and Merrill. There is no controversy concerning the evidential facts pertaining to this point and it is impossible legitimately to draw therefrom any other conclusion. It is our duty, therefore, to treat that conclusion as an established ultimate fact and then proceed to ascertain and apply the law of the case.

The law question is: On all the material ultimate facts is the city liable for the payment of damages to Mrs. Lee? The general rule is that under the

1. doctrine of *respondeat superior* a master is not responsible for the negligence of one who is not his servant or agent. 18 R. C. L. 775 *et seq.* It

2. follows, therefore, that under that general rule the city cannot be held liable for Merrill's conduct, if his conduct is to be regarded independently of, separately and wholly apart from, Neff's conduct. However, it would be manifestly arbitrary and unwarranted to so consider Merrill's conduct; for the acts of the two men are so inter-related that it is impossible to form a rational conception of the conduct of either uninfluenced by the conduct of the other. If Merrill had acquired possession of the truck by force or stealth, and had been operating it without Neff's permission or acquiescence, of course the city would not be liable for Merrill's negligence. But Neff, in violation of his master's express

instructions, directed Merrill to operate the truck. Merrill operated the truck under the express permission, in accordance with the directions, and under the immediate supervision and control, of Neff; and while thus working together the two men were doing the work which the master had entrusted to Neff and had directed him to do. Upon those facts the city is liable—not for the negligence of Merrill, but for the negligence of Neff; for Merrill was in fact merely an instrument in the hands of Neff.

It is generally held that where a servant, without express or implied authority from the master, suffers or permits a stranger to do, or to assist in doing,

3. the work which the master entrusted to the servant, the master is liable under the rule of *respondeat superior* for an injury to a third person inflicted through the tortious act of the stranger. The liability of the master may be made to rest on different grounds—according to the pleadings and the facts in the particular case. In some cases, as in the case at bar, it rests on the ground that the negligence of the stranger is in fact the negligence of the servant. In some cases it is made to rest on the ground that where two or more persons participate in the commission of a tort, each one is liable for the entire damage. In the process of reasoning by which the master's liability is thus established, there is nothing new. It involves merely the application of the long established rules of law. *Booth* v. *Mister* (1835), 7 Carrington & Payne 66; *Chandler* v. *Broughton* (1832), 1 Crompton & Meeson 29, 3 Tyrw. 220; *McLaughlin* v. *Pryor* (1842), 4 Macn. & G. 58, 4 Scott N. R. 655, Carrington & Marshmans 354; *Geiss* v. *Twin City Taxicab Co.* (1913), 120 Minn. 368, 139 N. W. 611, 45 L. R. A. (N. S.) 382; *City of Chicago* v. *O'Malley* (1902), 196 Ill. 197, 63 N. E. 652; *Andrews* v. *Boedecker* (1888), 126 Ill. 605, 18 N.

E. 651, 9 Am. St. 649; *Althorf* v. *Wolfe* (1860), 22 N.
Y. 355; *Wellman* v. *Miner* (1897), 19 Misc. 644, 44 N.
Y. Supp. 417; *Gleason* v. *Amsdell* (1880), 9 Daly 393;
*James* v. *Muehleback* (1889), 34 Mo. App. 512; *Simons*
v. *Monier* (1859), 29 Barb. 419; *Hill* v. *Sheehan* (1892),
48 N. Y. 410, 20 N. Y. Supp. 529; *Bamberg* v. *International R. Co.* (1907), 53 Misc. 403, 103 N. Y. Supp. 297;
*Bank of Cal.* v. *Western Union Tel. Co.* (1877), 52 Cal.
280; *Pittsburgh, etc., R. Co.* v. *Kirk* (1885), 102 Ind.
399, 1 N. E. 849, 52 Am. Rep. 675.

Judgment affirmed.