## Whitaker, et al. v. Holcomb.

(Decided October 30, 1925.)

### Appeal from Letcher Circuit Court.

1. Execution—Notice of Intended Application for Writ of Habere Facias Possessionam Held Fatally Defective as Not Complying with Statute.—Notice of intended application for writ of habere facias possessionam is fatally defective, where it fails to show right to possession by virtue of purchase at execution sale, and fails to state in whose favor or against whom the execution issued, the execution book in which it is recorded, or court or clerk's office from which issued, as required by Kentucky Statutes, section 1689, which must be strictly complied with.

2. Execution—Grant of Writ of Habere Facias Possessionam Error, where no Evidence of Conveyance to Plaintiff Shown.—Grant of writ of habere facias possessionam was error, where no evidence of conveyance to plaintiff by sheriff of property sold at execution was shown.

3. Execution—Error to Refuse Petition and Answer of Parties Claiming Land through Inheritance.—In application for writ of habere facias possessionam, it was error to refuse petition and answer of defendants claiming the land for which writ was sought through inheritance, since their rights should have been determined in proceedings.

4. Execution—Mortgage Holder Not Entitled to Possession Under Writ of Habere Facias Possessionam Before Prior Liens are Adjudicated.—A party holding a mortgage on land is not entitled to its possession under writ of habere facias possessionam, since, under Kentucky Statutes, section 1691, the purchaser at an execution sale of incumbered property obtains only a lien thereon subject to prior liens which he must enforce by action by making prior lienholders parties.

R. MONROE FIELDS for appellants.

DAVID HAYS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This proceeding was instituted by the appellee, John D. Holcomb, in the court below to obtain a writ of *habere facias possessionam* for a tract of land in possession of the appellant, James J. Whitaker, lying in Letcher county. With the motion for the writ was filed a notice of the intended application for the writ which had been duly executed upon the appellant, Whitaker. The appellant filed a demurrer to the notice and motion which the court overruled and to which ruling the appellant ex-

cepted. Thereupon the latter, without waiving his demurrer, filed an answer controverting the right of the appellee to the writ in question. Likewise his infant children, Chelcie Whitaker, Vernon Whitaker, Stephen Whitaker, Gladys Whitaker and Ira Whitaker, all infants, by their next friend, George Whitaker, tendered and offered to file their petition to be made parties to the proceeding, setting forth as grounds therefor that they jointly own with their father, James J. Whitaker, the land for which the writ was sought by the appellee, and resisting his right to the writ of possession demanded. The trial court sustained a demurrer to the answer of the appellant, James J. Whitaker, and refused to permit the answer of the infants and their next friend to be filed, to which ruling they excepted.

On the hearing of the motion the court granted the writ of possession sought by the appellee, and from the judgment entered in accordance therewith the appellants have prosecuted this appeal.

The court below erred in overruling the appellants' demurrer to the notice and motion. Kentucky Statutes, section 1689, expressly provides what a notice of this character must contain, and as in such case as this the motion and notice take the place of a petition, the provisions of the statute must be strictly complied with. The notice is fatally defective in that it failed to show that appellee claimed the right to obtain possession of the land in question by virtue of his purchase thereof at execution sale made by the sheriff; and also failed to state in whose favor or against whom the execution issued, the execution book in which it is recorded, or the court or clerk's office from which the execution issued. This error alone will require the reversal of the judgment. But the court below further erred in granting the writ because on the hearing of the motion no deed was offered in evidence by the appellee showing the conveyance to him by the sheriff of the property sold at the execution sale, and under the statute such deed must be made to the purchaser by the sheriff before he seeks a writ of possession for the land.

The court further committed reversible error in refusing to entertain the petition and answer of the infant appellants by their next friend. For if, as therein stated, they were the owners by inheritance from their mother

of an interest in the land for which the writ of possession was sought by the appellee, they should have been made parties and their rights determined in the proceeding. It will be unnecessary to consider other errors complained of as those already mentioned compel the reversal sought of the judgment. It is, however, proper to suggest another question which does not seem to have been expressly raised by the appellants in the court below, which is that in no event could the appellee have been entitled to possession of the land in question because upon the hearing of the motion it was shown by his evidence that the land was encumbered by two mortgages of which he is the holder. And as, under section 1691, Kentucky Statutes, the purchaser at an execution sale of encumbered property only obtains a lien thereon, subject to the prior liens constituting the encumbrance on the property, and in order to obtain the benefit of his purchase, he must bring an action to enforce the prior liens and that acquired by him at the purchase under the execution sale subject thereto, and for that purpose make the prior lienholders parties. Wilson v. Flanders, etc., 114 Ky. 534.

For the reasons indicated the judgment is reversed and cause remanded for proceedings not inconsistent with the opinion.