## Hill v. Riggins, et al.

(Decided February 5, 1926.)

### Appeal from Casey Circuit Court.

1.  Judicial Sales—When Statutory Notice Required of Execution Purchaser Before Getting Judgment for Possession is Unnecessary, Stated.—Ky. Stats., section 1689, relative to notice required of execution purchaser before entering motion for judgment for possession, has reference only to executions issued by clerk upon application of parties, and not to executions on sale bonds issued upon order of court in equitable action therein pending, in which property is under control of court and defendant in execution is party.

2.  Judicial Sales—Sale Under Execution on Sale Bond, Though Made by Sheriff, was in Nature of Decretal Sale.—Though sale under execution on sale bond was held by sheriff, it was in nature of decretal sale because it was held under an execution which court directed its master commissioner to have issued, so that bond might be collected.

CHARLES H. FAIR and C. C. BAGBY for appellant.

CHARLES F. MONTGOMERY for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Riggins brought his equitable action against Hill and wife to foreclose a mortgage he held on their land. There was no defense and the property was adjudged to be and was sold by the master commissioner under the order of the court. At the sale Hill, a defendant in the action, became the purchaser and executed, as required by the judgment, his sale bond with appellee, George P. Garner, as his surety.

The sale was confirmed, and thereafter the court entered an order reciting that the sale bond would be due before the next term of the court, and directing the master commissioner to collect the bond on maturity, and pay over the proceeds to the plaintiff and report his action at the next term of court. Accordingly after maturity the master commissioner caused an execution to issue against both the principal and the surety, and placed the same in the hands of the sheriff, who levied the same on the same property of Hill that had been embraced in the judgment of sale and purchased by him.

At the sheriff's sale the surety in the bond, Garner, became the purchaser for the amount of the bond, interest and costs, paid the cash, and the sheriff thereafter made him a deed for the property, and at a subsequent term of the court an order was entered directing the clerk to issue to Garner a writ of possession, to which order there was no objection or exception.

However, at a later term appellant entered a motion to set aside and vacate the order authorizing the issual of a writ of possession upon the ground that he had no notice thereof under the provisions of section 1689, Kentucky Statutes, and whether he was entitled to such notice is the only question on this appeal.

During all these proceedings the action instituted by Riggins was still pending, and the sale held by the sheriff under the execution caused to be issued by the commissioner under the order of court was reported to that court as directed in the order requiring the master commissioner to collect the bond, and at all such times and when all of the orders herein referred to were entered, Hill was a party to that action, and before the court.

Section 1689 is a part of the chapter on "Executions," and provides in part:

> "The purchaser of lands sold under execution, and not redeemed, as provided for in this article, shall have the right, after obtaining a conveyance therefor, upon ten days' notice in writing to the defendant in the execution, whose lands have been so sold, to enter a motion on the docket in the circuit court of the county where the lands are situated, for a judgment for the possession of such lands; and if, upon the hearing of such motion, the court shall be of opinion that the plaintiff in the motion is entitled to the possession, it shall render a judgment accordingly, and award the writ of possession, with costs."

Obviously the statute has reference only to executions issued by the clerk upon the application of parties or their attorneys, and not to executions on sale bonds issued upon order of the court in an equitable action therein pending. That such is the correct interpretation of the statute is obvious from its terms, for it seems to contemplate the necessity for notice only where it is necessary to enter an original motion on the docket in the circuit court for the purpose of giving the court jurisdiction to take cognizance of the question of possession. Clearly in such a proceeding the defendant in the execution is entitled to the statutory notice, to the end that the court may have jurisdiction to pass upon the question of possession; but where there is already pending in the circuit court an equitable action in which the property, the possession of which is sought, is under the control of that court, and the defendant in the execution is a party to that suit and before the court, it would seem superfluous to give him a notice of a motion to be entered in that action, when he is already required to be in court at all times and take a cognizance of all steps taken in the action to which he is a party.

Although the sale under the execution on the sale bond was held by the sheriff, it was in the nature of a decretal sale, because it was held under an execution which the court directed its master commissioner to have issued so that the bond might be collected.

It would be clearly outside the purview of this statute to say that it applied to a motion to be made in an equitable action during term time, where the defendant

in the motion was a party to the action and before the court.

Under the circumstances of this case we have no doubt of the court's jurisdiction to grant the order for possession without the ten days' notice required by the statute.

Judgment affirmed.