### Potter v. Pikeville National Bank et al.

(Decided April 18, 1933.)

CHILDERS & BOWLES for appellant.
J. J. MOORE and A. F. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action to settle the estate of A. B. Potter. His widow qualified as administratrix and as such, she and the heirs at law were named defendants. They were duly summoned before the rendition of the judgment, directing the sale of the property of the deceased for the purpose of paying his debts. The action was referred to the master commissioner with directions to

audit and settle the estate of the deceased. He reported the liabilities, including a note of A. B. Potter, dated June 11, 1928, payable to Andrew J. Potter for $500, with the statement, "It is admitted by the payee to be for $300 only."

Andrew J. Potter, the appellant herein, filed an answer and counterclaim wherein he alleged the execution and delivery of the $500 note by A. B. Potter and the execution and delivery of a mortgage, by the deceased and his wife to secure its payment, on a tract of land described in the answer and counterclaim. Andrew J. Potter filed no exceptions to the master commissioner's report. Included in the judgment of sale was a decree to sell the tract of land covered by the mortgage of Andrew J. Potter. The report of the commissioner containing the statement that the payee "admitted" that the $500 note was for $300 only, was confirmed by the order of court. The sale of the lands of the deceased, including the tract on which Andrew J. Potter had the mortgage, was reported to, and confirmed by, the court. The Pikeville National Bank purchased all of the lands of the deceased at the commissioner's sale, including the tract embraced by the mortgage of Andrew J. Potter. A deed to it was made accordingly. The Pikeville National Bank being the holder of all the debts against the deceased, except the $300 debt of Andrew J. Potter, was required to pay and paid into court the $300 due him, and the costs of the action.

Andrew J. Potter has not received from the master commissioner the $300 directed by the court to be paid to him, the amount reported by the commissioner as due him on the $500 note of A. B. Potter. The Pikeville National Bank conveyed the land deeded to it by the master commissioner to James M. Potter, Jr., W. E. Potter, Billie Potter, and Charles Potter. They caused to be executed on Andrew J. Potter a notice stating that they would apply to the circuit court, in the action of the Pikeville National Bank against the widow and heirs of A. B. Potter, for a writ of possession to be awarded against him for the possession of the land embraced by the mortgage of A. B. Potter and wife to him and on which he at that time resided. On the filing of this notice and the entry of their motion, Andrew J. Potter presented a response. On hearing the evi-

dence offered by the parties, the court sustained the motion and awarded the writ. He appeals.

He argues that the notice fails to meet the requirements of section 1689, Ky. Statutes. To support the argument he cites Whitaker v. Holcomb, 210 Ky. 836, 276 S. W. 973. He contends that Mardelia Potter, the wife of A. B. Potter, is entitled to dower in the land and that she is not a party to the notice or to this proceeding based thereon; that the mortgage provides that "he shall have the control, use and occupancy of the land during the life" of the mortgagee; and that the indebtedness secured by the mortgage will not be due until June 11, 1935. A forcible detainer proceeding was instituted in the Pike quarterly court against him and he interposes the judgment therein as a bar to this proceeding. Lastly, he insists that the trial judge was disqualified to try the cause. To sustain this last contention he cites Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, 33 Ky. Law Rep. 673.

The basic ideology of the argument for reversal is a misunderstanding of the facts and the applicable law. Section 1689 is a part of the chapter on executions. Obviously, it has reference only to executions issued by the clerk on the application of the parties, or their attorneys, and not to sales under a judgment of a court of equity. The execution defendant whose land has been sold in obedience to an execution is clearly entitled to, and section 1689 requires, notice as therein provided before he may be deprived of the possession of his land sold thereunder. But where a decree is entered in the circuit court in an equitable action in which the property, the possession of which is sought, is under the control of the court and the defendant is a party to that suit and before the court, as was said by this court in Hill v. Riggins, 213 Ky. 429, 281 S. W. 157, 158.

"It would seem superfluous to give him a notice of a motion to be entered in that action, when he is already required to be in court at all times and take cognizance of all steps taken in the action to which he is a party. * * * It would be clearly outside the purview of this statute to say that it applied to a motion to be made in an equitable action during term time, where the defendant in the mo-

tion was a party to the action and before the court.''

This pronouncement is a complete answer to the insistence that the rights of the parties herein to a writ of possession is controlled by section 1689. The language of section 1663, Ky. Statutes, embodies the principle enunciated in the case of Hill v. Riggins, supra. It reads:

"A final order or judgment for money, lands or other specific things may be enforced by an appropriate writ of execution, allowable on a judgment at law, according to the nature of the case.

"1. Such writs shall issue and be returnable as other writs of execution.

"2. Nothing in this article shall prevent any party from proceeding to carry an order or judgment of court into execution according to the ancient practice of courts of chancery."

The purchaser of the land in the action to settle the estate of A. B. Potter was not required to serve notice on Andrew J. Potter before entering the motion for the writ of possession. Having done so, did not deprive the court of the power of exercising the authority conferred by section 1663. Mardelia Potter, the wife of A. B. Potter, was a defendant and served with process in the action to settle the estate of her husband. She joined him in the execution of the mortgage on the land, for the possession of which the writ of possession was awarded. A mere statement of these facts is sufficient answer to the contention that she was entitled to, but had not been allotted, dower in the land, and therefore no writ of possession should have been awarded. But even if she were entitled to dower, such was not a defense of Andrew J. Potter, justifying a refusal of a writ of possession as against him. The mortgage of Andrew J. Potter merged into the judgment of the circuit court directing a sale of the land covered by it to satisfy the debt for which it was given to secure, and the rights of the parties, including the purchaser of the land under the decree of sale, were concluded and controlled by the judgment directing the sale. The time and place for the presentation by Andrew J. Potter of his present contentions that the judgment was

only for $300 in his favor on the $500 note and the mortgage provided that he "should have the control, use and occupancy of the land during the life of the mortgagee," were when he filed his answer and counter-claim. Having failed to assert such claims in his answer and counterclaim, it is too late, after the rendition of the judgment and the confirmation of the sale of the land, for him to raise such questions.

Judge Fields, the regular judge of the Pike circuit court, was a party to the suit to settle the estate of A. B. Potter and was therefore disqualified to preside in the case. He declined to do so, and a special judge was designated to try and determine the cause. At the time the motion for a writ of possession was entered, the final judgment and order of distribution had been duly entered. Judge Fields had no interest, either direct or indirect, in the action at the time of the making and determining of the motion for a writ of possession, and therefore was not disqualified to preside on the hearing of it. The appellant without objection joined in the trial of the motion for a writ of possession before him. He cannot now for the first time in this court be heard to complain of Judge Fields trying and disposing of the motion.

The proceeding by writ of forcible detainer did not oust the circuit court of its previously acquired jurisdiction, and the judgment therein is no bar to the prosecution of the motion for writ of possession.

For the reasons indicated, the judgment is affirmed.