Gabe FARRELL, Sr., and Gabe Farrell, Jr., Appellants,

v.

PINSON TRANSFER COMPANY, Appellee.

Court of Appeals of Kentucky.

May 18, 1956.

Rehearing Denied Sept. 14, 1956.

W. G. Kenton, Maysville, for appellants.

Stoll, Keenon & Park, R. W. Keenon, Lexington, for appellee.

SIMS, Judge.

The parties will be referred to as they appeared in the lower court, plaintiffs and defendant. These two actions grew out of the same traffic collision, were consolidated for the purpose of trial and both will be disposed of in this opinion.

The father sued for $50,000 damages for personal injuries and damages done his car, and the son sued for $10,000 damages for personal injuries; which the complaints averred they suffered by reason of the alleged negligence of defendant's servant in the operation of its truck. Upon completion of plaintiffs' proof the court directed a verdict for defendant, the complaints were dismissed and this appeal followed.

The complaints averred that on January 27, 1954, the father was driving his car north on highway #11 in Mason County, accompanied by his son, and defendant's semi-trailer truck was being negligently operated by "its servant or agent in its behalf" in a southerly direction and the truck and trailer ran into the father's car, severely injuring both occupants of the car and damaging it. The answer was a general denial and contributory negligence was pleaded against the father. Thus the issue was raised as to whether the driver of the truck was the servant or agent of defendant and was operating the truck on its business.

Both plaintiffs testified that while the car was being operated at a reasonable speed on the right side of the highway, defendant's truck came around a curve at a speed of 40 or 50 miles an hour, turned over on the car, severely injuring both occupants and damaging it. The proof further showed the truck was being driven by Roby Travis, who was not in the employ of defendant, and its regular driver and servant, Elmer Horne, was asleep in a compartment of the truck.

Plaintiffs called Hargis Ison, president of defendant company, as if upon cross-examination. Mr. Ison testified Travis was a stranger to him and was not an employee of his company and had no authority to drive the truck. Furthermore, he testified the rules of the company forbade Horne to let anybody ride in the truck with him— "not even his wife or children."

Neither Travis nor Horne was called as a witness. The record is silent as to Travis' age, his driving experience, when he took charge of the truck, or how he happened to do so. Nor is there anything in the record

showing whether the vehicle was loaded or unloaded, its destination, where it had been or whether it was being operated on the company's business or on a private enter-prize of Horne and Travis. All the record shows is that Travis, a stranger to the company was operating its truck at a speed of about 50 miles an hour around a curve, while its regular driver, Horne, was asleep in a compartment of the truck, and the vehicle overturned and injured plaintiffs and damaged the father's car.

With the record in this shape we are asked to hold there was sufficient evidence to take the case to the jury on whether or not Travis was negligently operating the truck as the agent or servant of the company so as to make it liable for his negligence. Plaintiffs rely on our cases of Thixton v. Palmer, 210 Ky. 838, 276 S.W. 971, 44 A.L.R. 1379; City of Ludlow v. Albers, 253 Ky. 252, 69 S.W.2d 1051; and such foreign cases as Slothower v. Clark, 191 Mo.App. 105, 179 S.W. 55; City of Indianapolis v. Lee, 76 Ind.App. 506, 132 N.E. 605; Thomas v. Lockwood Oil Co., 174 Wis. 486, 182 N.W. 841; Geiss v. Twin City Taxicab Co., 120 Minn. 368, 139 N.W. 611, 45 L.R.A.,N.S., 382, as well as Restatement of Law of Agency § 241.

The Thixton case [210 Ky. 838, 276 S.W. 973], is perhaps our leading one on the subject that the " 'family purpose doctrine' " is extended so as to make a parent liable for the negligence of his child in letting another drive the family car while such child is present. Also, see Turner v. Hall's Adm'x, Ky., 252 S.W.2d 30, which follows the Thixton opinion. The reasoning behind those opinions is not so much based upon the true law of agency as it is upon the humanitarian doctrine that a parent cannot place an automobile in the hands of an infant child without being liable for the negligence of the infant or anyone he lets drive the car in his presence. Neither of these cases has any application to the question here.

The Albers case among other things holds the owner riding in a car driven by his brother cannot invoke the rule applica-ble to the rights of an invited guest. It has no bearing on the question before us.

In the Clark case the owner's chauffeur was sent to get the owner's son and put a friend at the wheel of the car and the owner was held liable because the car was being operated on his business regardless of who was driving it. In the Thomas, Lee and Geiss cases the master was held liable on the same theory, the third person was operating the vehicle on the master's business. But here, appellee insists there was no evidence that the truck at the time of the accident was being operated on the company's business.

When Mr. Ison, president of defendant company, was called upon cross-examination he testified Travis was driving the truck involved in the accident, "but Horne was the one in our employ." As heretofore stated, the proof showed Horne was asleep in a compartment of the truck and Travis was driving when the accident occurred. The rule in this jurisdiction is that when the proof shows the vehicle is being operated by the owner's employee, the presumption is that it is being used in the course of the owner's business and the burden is on the owner to show otherwise. Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S.W.2d 408; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d 763; Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953. The reason for the rule is stated in those opinions. Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62, discusses the character of testimony necessary to overcome such presumption.

As plaintiffs made out a prima facie case that the truck was in charge of defendant's servant Horne, the presumption is it was being used in the course of the company's business, and the driver Travis is presumed to have been acting for and on behalf of the company at the time of the accident. If Travis had taken possession of the truck by force or stealth and had been driving without Horne's permission, the company would not be liable for Travis' negligence. But if Horne permitted Travis

to operate the truck under his supervision, even in violation of the master's instructions, the company is liable for the negligence of Travis or for the negligence of Horne in putting Travis at the wheel, since Travis was merely an instrument in Horne's hands. Thomas v. Lockwood Oil Co., 174 Wis. 486, 182 N.W. 841; City of Indianapolis v. Lee, 76 Ind.App. 506, 132 N.E. 605; Restatement of the Law of Agency § 241.

Defendant leans heavily on two of our cases, Broadway Motors, Inc., v. Bass, 252 Ky. 628, 67 S.W.2d 955, and Coleman v. Blackburn, Ky., 265 S.W.2d 781, as well as the Georgia case of Carter v. Bishop, 209 Ga. 919, 76 S.E.2d 784. We have no trouble in distinguishing the Bass and Blackburn cases from the one before us. In the Bass case an automobile salesman released a car to a prospective purchaser who injured two men while driving it, and we held the master not liable as there was no master-servant relation established between the driver of the car and the motor company. It will be noted the salesman was not in the car at the time of the collision and this fact distinguishes that case from this one where the company's regular driver Horne was in the truck that the third person Travis was operating for the company's benefit. In the Coleman case the evidence fails to establish the master-servant relation between the driver of the truck and its owner, while in the case at bar Mr. Ison testified Horne was the company's employee. Being such employee, we hold that Horne was acting through Travis, whom Horne put in charge of the truck.

■ The facts in Carter v. Bishop, 209 Ga. 919, 76 S.E.2d 784, are strikingly similar to those in the case at bar. There, as here, the regular driver in violation of his employer's rules put a third person in charge of the vehicle and was himself asleep in a compartment of the truck at the time of the accident. The Georgia Supreme Court held the employer was not liable for damages caused by the accident because the operator the regular driver had put at the wheel of the vehicle, even though such operator was acting for the benefit of the employer, was not a servant of the employer, and the situation was the same as if the regular employee had abandoned the vehicle. This is in direct conflict with City of Indianapolis v. Lee, 76 Ind.App. 506, 132 N.E. 605; Thomas v. Lockwood Oil Co., 174 Wis. 486, 182 N.W. 841, and Geiss v. Twin City Taxicab Co., 120 Minn. 368, 139 N.W. 611, 45 L.R.A.,N.S., 382. The reasoning in those cases strikes us as being more logical than that expressed in Carter v. Bishop, hence we follow them rather than it. See Mechem's Outlines of the Law of Agency (4th Ed.) §§ 381 through 385, pp. 256–259 for a discussion of this question. Also see Restatement of Law of Agency, § 241.

For the reasons given the judgment is reversed for proceedings consistent with this opinion.