Wilford **HUBBARD** et al., Appellants,

v.

Emmett E. **DOOLEY** et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1959.

Tribell & Tribell, Pineville, for appellants.

Alva Hollon, Hazard, for appellees.

CLAY, Commissioner.

A truck owned by defendant appellee Dooley struck and severely injured the two infant plaintiff appellants. The trial court directed a verdict for the defendant on the ground that plaintiffs had failed to prove the truck was being operated by defendant's agent on his business.

Defendant had authorized his employee, Sergent, to drive the truck from Cincinnati to Woodbine, Kentucky, and on the return trip to bring back a load of cord wood. Sergent was not to use the truck for any other purpose, and he was instructed not to let any one else drive it. The night before Sergent was supposed to return, the truck was involved in the accident somewhere between Pineville and Harlan. No evidence was introduced to show who was in the truck at the time or who was driving. The complaint alleges that one Middleton was driving, a person unknown to defendant. This man and Sergent were both in the courtroom during the trial but were not called as witnesses.

■■ Plaintiffs rely on the case of Farrell v. Pinson Transfer Co., Ky., 293 S.W. 2d 170. In that case we held that where an employee is in the employer's truck, even though it is being driven by a third party, the presumption arises that the vehicle was being used in the course of the

owner's business. However, the presumption could not possibly arise unless it is shown that the vehicle at the time of the accident was in charge of an employee. As before mentioned, the proof does not establish that any employee of defendant was in the truck.

 Even assuming defendant's employee was in the truck at the time of the accident, the presumption was rebutted by the uncontradicted testimony of the defendant to the effect that the employee had no authority to operate it in Bell County and was not on defendant's business there. Any presumption favorable to plaintiffs was overcome by defendant's evidence and the facts shown by this record. See Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S.W.2d 711; Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62. The plaintiffs failed to establish agency, and the directed verdict was proper.

The judgment is affirmed.