**599**

**CITY OF LOUISVILLE, Appellant,**

v.

**Thomas LaFOLLETTE, Appellee.**

Court of Appeals of Kentucky.

May 7, 1971.

Rehearing Denied Oct. 8, 1971.

Marshall B. Woodson, Jr., Louisville, for appellant.

Edward M. Post, Taustine, Post, Berman, Fineman & Kohn, Benjamin Mazin, Louisville, for appellee.

CLAY, Commissioner.

This is an appeal from a $35,000 judgment recovered by plaintiff appellee for personal injuries sustained when he was struck by a pickup truck on a street in Louisville. Appellant city contends it was entitled to a judgment or a new trial on three grounds, which will be discussed after a statement of the essential facts.

About 5:30 on a Saturday afternoon plaintiff was struck by a motor vehicle which he did not see. The vehicle left the scene of the accident immediately and the driver was never identified. Witnesses did, however, make an attempt to identify the vehicle. It was described as a pickup truck, painted orange. Two witnesses testified they saw what they thought was a City of Louisville emblem on the door. One witness said there was the number 2215 on the side of the truck. Other witnesses recollected different numbers. There was testimony that the make of the vehicle was a Ford.

Later that evening city police investigating officers located a motor vehicle conforming to the description at one of the city's garages. These officers testified there was what appeared to be fresh damage on the left front, and also there were "brush marks". There was evidence the motor was still warm.

At this point we may observe that the city does not contend there was not sufficient evidence to create a jury issue with

respect to the identity of the *vehicle* which struck the plaintiff. Its principal contention is that since the plaintiff was unable to identify the *driver*, "There was no evidence from which the critical inference could be drawn that the hit and run truck was on the business of the city".

■ It is inaccurate to say there was no evidence on this very crucial issue. It was, however, circumstantial. The governing principle is thus stated in United Electric Coal Companies v. Brown, Ky., 354 S. W.2d 502, 503 (1962):

"A civil claim may be proved by circumstantial evidence but it must do more than suggest liability as a matter of conjecture, surmise or speculation. * * * A fact is not proved by circumstantial evidence if it is merely consistent with such fact. * * * In other words, the circumstantial evidence must go far enough to induce a reasonable conviction that the facts sought to be proved are true and must tend to eliminate other rational theories."

In addition to the facts above recited, there was further proof on the question of agency. The truck discovered in the city's garage, which conformed to the description of it by witnesses, was used for making service runs to other city vehicles. Normally it would have been available for use on the streets of the city throughout the day. On the day in question there were several employees at the garage who were supposed to be on duty until approximately 7:00 p. m. Three of them, who were employed on an eight-hour-day basis, checked in between 10:00 a. m. and 11:00 a. m. None of these men had checked out by 7:00 p. m. However, each testified that he had left early that Saturday, between 3:30 p. m. and 4:30 p. m. The nightwatchman confirmed that they left early and said he was alone in the garage after about five o'clock, and that this pickup truck had not left the garage since he came on duty at 3:00 p. m. There was some evidence that

on rare occasions trucks of this type might have been used on the personal business of an employee.

The city relies on Spencer's Adm'r v. Fisel, 254 Ky. 503, 71 S.W.2d 955 (1934), Coleman v. Blackburn, Ky., 265 S.W.2d 781 (1954), and Hubbard v. Dooley, Ky., 324 S.W.2d 818 (1959). However, the facts in Louisville Taxicab and Transfer Co. v. Johnson, 311 Ky. 597, 224 S.W.2d 639 (1949), and Burgan v. Harrison, Ky., 413 S.W.2d 352 (1967), would appear to be more closely analogous to the facts before us. In the former case, although the driver was never identified, it was held that evidence that a "Yellow Cab" had struck the plaintiff on a street in Louisville was amply sufficient to establish a prima facie case that it was owned by the defendant and was being operated by one of its agents acting within the scope of his employment.

In the Burgan case the plaintiff was struck by a hit-and-run driver never directly identified. The vehicle was identified by color, make and a license number. Defendant company was a car dealer, and it was shown there could have been a permissible use of the vehicle by a salesman for business purposes during the period of time within which the accident happened. In holding that the evidence was sufficient to support a verdict for the plaintiff, we observed (page 356):

"In cases involving commercial vehicles as distinguished from pleasure cars this court has held that proof sufficient to establish ownership is sufficient to prove also that the vehicle was being operated by a servant of the owner and on the owner's business, provided that the accident occurred at a time and place within the normal scope of the owner's business activity."

■ In the case before us, the vehicle identified as being involved in the accident would certainly fall within the category of

a "commercial vehicle". The accident occurred at a time and place when and where such vehicle normally would be in use on a business activity for the city. Considering the type of vehicle and its ordinarily intended use, a rather strong inference arises that its operation would be by an authorized agent on the business of the city. We think the circumstantial evidence was amply sufficient to induce a reasonable conviction that the city's vehicle was involved in the accident and that at the time it was being operated on an authorized mission by an authorized agent. While there are other possibilities, a rational theory, based on more than speculation, is that the city was responsible for its operation. A jury issue was presented on this question and the city was not entitled to a directed verdict.

We have some difficulty understanding the city's second contention. It is said that by a "clever" trial "technique" plaintiff's counsel unfairly induced the jury to believe that the city's vehicle was involved in the accident. We can say only that the city has failed to point out any reversible error in this connection. After all, the identity of the vehicle was established by direct and positive proof, and we find no trial error in the order of evidence permitted by the trial court.

It is finally contended plaintiff's attorney made an improper argument to the jury. It is said that counsel told the jury that if the court had not believed there was sufficient evidence to sustain a verdict for the plaintiff, it would not have submitted the case to the jury. The difficulty with the city's position is that the argument was not transcribed and there is a dispute about what was actually said. We cannot review the propriety of an argument without knowing specifically what it was. Still further, even if we knew exactly what statement counsel made, we could not pass upon its prejudicial effect without being able to examine the statement in context and without considering the argu-

ment of the city's counsel to which the statement is claimed by plaintiff to have been an answer. The city presents no reversible error on this point.

The judgment is affirmed.

All concur.