RENDERED: FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1074-MR

CRAIG MCGILLAN                                                          APPELLANT


                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                   HONORABLE AUDRA J. ECKERLE, JUDGE
                           ACTION NO. 20-CI-000293


AIMEE BOTTORFF                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: The appeal arises from a dispute between former paramours over possession of a dog. Appellant, Craig McGillan (Craig), appeals from the Jefferson Circuit Court's order dismissing his complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. After our review, we affirm.

On January 14, 2020, Craig filed a complaint in Jefferson Circuit Court against Appellee, Aimee Bottorff (Aimee). Craig alleged that he purchased

a female pug puppy, Mocchi, for $1,000.00 in 2018[1] while he and Aimee were living together and that they had "an explicit understanding" that Mocchi was Craig's dog. After the parties' relationship ended in April 2019, Craig allowed the dog to visit with Aimee in her home. However, on or about July 7, 2019, Aimee refused to return the dog. In Count I, Craig alleged that Aimee's actions amounted to larceny and theft of his personal property and that he is entitled to recover his property pursuant to KRS[2] 413.140(1).[3] In Count II, Craig alleged that Aimee's actions amounted to unlawful trespass to chattels and that he is entitled to recover his property and damages pursuant to KRS 413.120.[4] Counts III and IV are claims for intentional infliction of emotional distress (IIED) and punitive damages, respectively.

On January 23, 2020, Craig filed a motion for a writ of possession pursuant to KRS Chapter 425.011 *et seq.*, requesting that the circuit court direct the

---

[1] Craig attached the "Pug Puppy Application Form" (Exhibit "A") and "Puppy Contract" (Exhibit "B") to the complaint.

[2] Kentucky Revised Statutes.

[3] This statute is captioned, "[a]ctions to be brought within one year" and includes "(i) [a]n action for the recovery of stolen property, by the owner thereof against any person having the same in his possession[.]"

[4] This statute is captioned, "[a]ctions to be brought within five years" and includes "[a]n action for trespass on real or personal property." KRS 413.120(4).

Jefferson County Sheriff to retrieve the dog from Aimee's residence. On January 27, 2020, Aimee filed a response in opposition to the writ.

On January 27, 2020, Aimee filed a motion to dismiss pursuant to CR[5] 12.02(a) and (f) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. In her supporting memorandum, Aimee argued that Craig failed to properly state claims for recovery of stolen property, trespass to chattels, or IIED; and that because these claims fail, so must his claim for punitive damages. Furthermore, she contended that as a result of the failure to state a claim, Craig could not properly invoke the circuit court's subject matter jurisdiction. She relied upon Section 112(5) of the Kentucky Constitution: "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court." She also cited KRS 24A.120(1):

> District Court shall have exclusive jurisdiction in . . .
> Civil cases in which the amount in controversy does not
> exceed five thousand dollars ($5,000), exclusive of
> interest and costs, except matters affecting title to real
> estate and matters of equity[.]

Aimee explained the value of the "property" at issue is $1,000.00 according to the complaint itself and that Craig failed to properly state additional claims which would raise the amount in controversy above the $5,000.00 jurisdictional limit.

---

[5] Kentucky Rules of Civil Procedure.

She also asserted that since Craig had only asserted remedies at law, he could not invoke equity as a recourse.

The court scheduled oral arguments for March 12, 2020. At the outset, the court advised counsel that it was concerned about the jurisdictional issue raised in Aimee's motion to dismiss and that the case might be more appropriately brought in district court. Craig's counsel explained that they had filed the case in district court originally but that the district court dismissed the complaint without prejudice for lack of jurisdiction and directed them to come "here"; (*i.e.*, circuit court). The circuit court asked to see the district court's order, which only stated: "Dismissed without prejudice as no jurisdiction in District Court."[6]

Counsel explained that the district court thought that the nature of the remedy sought -- return of property -- required that the case be filed in circuit court. The circuit court disagreed, stating that "you could obviously get the return of property in district court." The circuit court reiterated that the jurisdictional issue was the first order of business; that at first blush, it appeared that the case

---

[6] It does not appear that order of the district court was made a part of the record below; however, a copy is attached as Exhibit "C" to Appellant's brief. Appellee requests at footnote 1 of her brief that we take judicial notice of the docket in the district court case pursuant to Kentucky Rules of Evidence (KRE) 201 and *Rogers v. Commonwealth*, 366 S.W.3d 446, 451 (Ky. 2012) (under KRE 201 court records may be resorted to for judicial notice where their accuracy cannot reasonably be questioned and the fact established is not subject to reasonable dispute). Accordingly, we will take judicial notice of the district court's order dismissing entered on November 22, 2019.

-4-

belonged in district court; and that "if you don't belong here I'm not going to entertain the writ of possession." The circuit court allowed time for Craig to file a written response to the motion to dismiss and for Aimee to file a reply, advising that it would take the issue under submission.

By an order entered on June 2, 2020, the circuit court granted Aimee's motion to dismiss as follows in its entirety:

> Having considered the Defendant's motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction, the Court ORDERS the motion be, and it is hereby, GRANTED. The Plaintiff's Complaint is hereby DISMISSED.

(Upper case original.)

On June 12, 2020, Craig filed a motion to alter, amend, or vacate pursuant to CR 59.05. He argued that the remedy he sought in his complaint "is an equitable remedy, *i.e.*, return of [Craig's] personal property which is in [Aimee's] possession, and not the value of the property." Consequently, Craig argued that the Jefferson District Court had no jurisdiction to hear the matter and that the circuit court retains proper subject matter jurisdiction.

By an order entered on July 31, 2020, the circuit court denied Craig's Motion as follows:

> Upon [Craig's] motion, the Court has reconsidered its Order and re-read the controlling case law cited in both parties' briefs. Substantively, [Craig] makes the same

arguments here that he made in his underlying response to the motion to dismiss. . . . The Court believes that its prior rulings are proper. The Court also stands by its Opinion [sic] that the proper remedy for Plaintiff here was to appeal the decision of the Jefferson District Court, instead of filing a new suit in Circuit Court on the same claim, and that his claim for intentional infliction of emotional distress fails as a matter of law.

On August 31, 2020, Craig filed a notice of appeal to this Court from the orders entered on June 2, 2020 and July 31, 2020.

It is well settled in this jurisdiction when considering a motion to dismiss under [Kentucky Rules of Civil Procedure (CR) 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true. Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*.

*Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (internal quotation marks and citations omitted).

Craig first argues that the circuit court erred in dismissing the action for failure to state a claim upon which relief can be granted. In conclusory fashion, Craig states that the claims and alleged facts in the underlying action could not be more clear -- that Aimee unlawfully possesses his dog despite his repeated attempts to secure the animal's return and that he has proof of ownership as evidenced by the attachments to his complaint.

-6-

Craig does not specifically address his claim for recovery of stolen property or trespass to chattels (Counts I and II of the complaint). He only argues that "Appellee's counsel in the Motion to Dismiss attempts to misstate the nature of Appellant's claim by arguing that the Complaint alleges 'conversion' rather than 'theft' or 'trespass to chattels.'" However, Craig fails to explain how the ***circuit court*** erred in dismissing the complaint for failure to state a claim upon which relief can be granted. "It is not our function as an appellate court to research and construct a party's legal arguments, and we decline to do so here." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). "[T]hreadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018).

Craig fails to present **any** argument that the circuit court erred in determining that his claim for IIED (Count III) fails as a matter of law. He also fails to present any argument regarding his claim for punitive damages (Count IV). The failure to do so constitutes abandonment and/or waiver of those issues. *Prescott v. Commonwealth*, 572 S.W.3d 913, 927 (Ky. App. 2019). "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

Craig's second argument is that the circuit court erred in dismissing the complaint for lack of subject matter jurisdiction. Craig asserts that the relief sought -- a writ of possession -- is an equitable remedy not available in district court.

KY. CONST. § 112(5) provides that:

The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law.

Pursuant to KRS 24A.120(1), the district court has exclusive jurisdiction in:

Civil cases in which the amount in controversy does not exceed five thousand dollars ($5,000), exclusive of interest and costs, except matters affecting title to real estate and matters of equity; however, nothing herein shall prohibit execution levy on real estate in enforcement of judgment of District Court[.]

Craig explains that Kentucky law designates animals as personal property -- that KRS 258.245 declares that "all dogs that have a valid rabies vaccination and bear identification are hereby declared to be personal property and subjects of larceny." He also cites KRS 425.011(1):

Upon filing of the complaint or at any time prior to judgment, in an action to recover the possession of specific personal property, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written motion for the writ with the court in which the action is brought.

-8-

Craig acknowledges that KRS 425.011 does not specify that either the circuit or district court has exclusive jurisdiction. However, he contends that a writ of possession is an equitable remedy which must be sought in circuit court, citing *Potter v. Pikeville Nat'l Bank*, 248 Ky. 596, 59 S.W.2d 529 (1933).

We agree with Aimee that Craig's reliance upon *Potter* is misplaced. *Potter* was decided long before the 1976 enactment of KRS 425.011 and involved a writ for possession of land in an action to settle an estate. Aimee argues that the law of writs of possession is wholly inapplicable to the present case. We decline to address the issue because the circuit court did not entertain Craig's motion for a writ of possession. Therefore, the issue is not properly before us for our consideration or review.

We conclude that the circuit court properly dismissed the complaint for lack of subject matter jurisdiction. As Aimee correctly argues, the property at issue was valued at $1,000.00. Craig failed to properly state additional claims that would raise the amount in controversy above $5,000.00 to confer jurisdiction on the circuit court, and no equitable matters were involved that would remove this case from the district court's jurisdiction.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Dennis C. Burke            Ron Aslam
Louisville, Kentucky      John P. Swain
                              Louisville, Kentucky